### TOWN OF DURANGO V. PENNINGTON.

| 8 | 257 |
| 11 | 485 |
| 8 | 257 |
| 17 | 32 |
| 8 | 257 |
| 23 | 75 |
| 9a | 404 |
| 8 | 257 |
| e15a | 516 |
| 15a | 517 |
| e15a | 519 |
| 8 | 257 |
| 16a | 392 |
| 8 | 257 |
| 34 | 295 |

1. Where the mode is prescribed by law or in the charter of a municipal corporation in relation to the awarding or making of contracts, such mode must be strictly pursued by the corporation or no liability is thereby incurred. The party dealing with a municipal body is bound to see to it that all mandatory provisions of the law are complied with, and if he neglects such precaution he becomes a mere volunteer and must suffer the consequences.

2. A contract *ultra vires* may be ratified. But the ratification of an invalid contract, where an express contract is necessary to bind a municipal corporation in the first instance, and where the contract is required to be made in a specified manner, requires the observance of the same formalities and provisions necessary to be complied with in the making of a valid contract.

*Appeal from County Court of La Plata County.*

THE facts are stated in the opinion.

Messrs. MARKHAM, PATTERSON and THOMAS and BOZER and CALDWELL, for the appellant.

Messrs. M. B. Carpenter and Hudson and Slaymaker, for the appellee.

Beck, C. J.    The complaint alleges that the appellant entered into a contract with one Keegan, on or about December 13, 1881, whereby the latter party was to grade that portion of G street, in the town of Durango, extending from First to Second street, and to fully perform and complete the work on or before January 13, 1882.    That he was to be paid for the work according to the different kinds of grading to be done, as per plans, specifications and prices inserted.    The compensation was further dependent upon the inspection, measurements and estimates of the town engineer, and the acceptance of the appellant.

Complete performance of the contract by Keegan, within the time limited, is averred; also the performance by the town engineer of his duties, and the acceptance of the work by the appellant.    It is further averred that the grading amounted to the total sum of $3,628.50, according to the terms of the contract and the measurements and estimates of the engineer; that there has been paid thereon by the defendant the sum of $1,878.75, and that there remains due and unpaid the sum of $1,749.75.    It was further averred that this claim had been duly assigned to the plaintiff Pennington before suit brought. The answer of the defendant, so far as any question discussed by counsel is concerned, consists of a denial of all the averments of the complaint.

A jury was waived and the cause tried to the court, who found the issues for the plaintiff and gave judgment against the town for the sum of $1,779.75 and costs.

Exceptions were reserved by the defendant to certain rulings of the court made during the progress of the trial in relation to the admission and exclusion of evidence, and to the finding and judgment.    The bill of exceptions not only fails to state that it contains all the evidence;

but states affirmatively that it contains only such portions thereof as were desired by the defendant to be inserted therein, and that the evidence produced on the trial showed full performance by Keegan of the work sued for. That portion of the evidence set out in the bill of exceptions shows performance, acceptance and payment of about one-half of the work contracted for. There is nothing to indicate that the whole work was not completed, or that it was not performed in a manner satisfactory to the defendant. In this state of the record it will be presumed that it was completed, inspected, measured and estimated in the manner alleged in the complaint, and accepted by the defendant.

The defense relied upon to excuse the town from payment of the balance of the contract price is that the contract is void for non-compliance with the requirements of the statute in the making thereof. The proceedings of the board of trustees in respect to the matter are set out in the bill of exceptions, and the defendant claims that they neither authorized the work to be done, nor imposed any liability on the town to pay therefor when the work was done.

On part of plaintiff it is conceded that the contract was not valid when made, owing to a non-observance of the strict requirements of the statute; but it is claimed that the contract was afterwards duly ratified by the town, and that it thereupon became legal and binding upon the defendant according to its terms. To this position it is replied that the acts relied upon as constituting a ratification are equally defective for that purpose, as is the original transaction to constitute a valid contract; hence that, the contract sued on being invalid when made, and there being no sufficient ratification thereof afterwards, no liability thereon existed, and the judgment against the defendant was not authorized by law.

We understand the law to be well settled, that when the mode of proceeding in respect to transactions of this

nature is prescribed by law, or in the charter of a municipal corporation, such mode must be strictly pursued by the corporation in relation to the awarding and making of contracts, or no liability is thereby incurred. The party dealing with a municipal body is bound to see to it that all mandatory provisions of the law are complied with, and if he neglects such precaution he becomes a mere volunteer, and must suffer the consequences. *Zottman v. San Francisco*, 20 Cal. 96; *Brady v. The Mayor*, 20 N. Y. 312; *Murphy v. City of Louisville*, 9 Bush, 189; *Steckert v. City of East Saginaw*, 22 Mich. 104.

A contract not *ultra vires* may be ratified. The ratification, when properly made, is said to be equivalent to previous authority to make it, and operates to validate it from the time of its execution. But the ratification of an invalid contract, where an express contract is necessary to bind a municipal corporation in the first instance, and where the contract is required to be made in a specified manner, requires the observance of the same formalities and provisions necessary to be complied with in the making of a valid contract. *McCracken v. City of San Francisco*, 16 Cal. 623; *Zottman v. San Francisco, supra; People v. Swift*, 31 Cal. 28.

It follows from the foregoing rules of decision, that if the defendant corporation was limited by law to a specified mode of contracting indebtedness for the making of street improvements, and such mode was not observed in the awarding and making of the contract in question, nor in its subsequent ratification, that no recovery thereon can be had against the corporation. In such case it matters not that the work may have been well done, and that the defendant may have the full benefit thereof.

It is claimed that the power of the defendant in this case to contract the indebtedness mentioned in the complaint was limited to a prescribed mode by section 26 of the charter concerning towns and cities. Gen. Stats. sec.

3324. The section is as follows: "On the passage or adoption of every by-law or ordinance, and every resolution or order to enter into contract by any council or board of trustees of any municipal corporation, the yeas and nays shall be called and recorded, and to pass or adopt any by-law, ordinance, or any such resolution or order, a concurrence of a majority of the whole number of members elected to the council or board of trustees shall be required; all appointments of officers by any council shall be by ballot, and the concurrence of a like majority shall be required, and the names of those who voted, and the vote each candidate received upon the vote resulting in an appointment, shall be recorded."

It will be observed that this section specifies no cases wherein contracts are required to be entered into. Nor does the general incorporation act require that a street improvement, the expense of which is not to be assessed on the owners of adjoining property, shall be let out upon contract. In this respect the act is wholly unlike the statutory provisions upon which the foregoing rules and decisions were predicated. In the case of *Zottman v. San Francisco*, 20 Cal. 96, the charter of the city required, among other things, the passage of an ordinance to authorize a street improvement, its publication, and that the contract for the improvement be let to the lowest bidder after advertising for bids.

In *Brady v. The Mayor*, 20 N. Y. 316, the act amending the charter of the city of New York, which was involved in that case, provided that all work to be performed for the city which should cost more than $250 should be subjected to public competition, and should be given out to the party who would undertake to do it for the smallest amount of money.

*McDonald v. Mayor*, 68 N. Y. 25, arose under a later act. It was an action to recover the value of certain gravel and stone delivered the city and used in the repair of its streets, but the statute required, in such case, that

a contract for the purchase of the materials be entered into by the appropriate head of department, upon sealed bids or proposals, made in compliance with public notice advertised.

The course pursued by the defendant in this case was authorized, although not required, by our statute, and under the general power to contract contained in section 26 a valid contract might have been made to grade the street. But the formal proceedings failing to show that the yeas and nays were called and recorded, and that a majority of the whole number of trustees voted for the resolution awarding the contract to Keegan. as required by the statute, the contract must be held null and void. It is claimed, however, that this contract was subsequently ratified, and it is upon this theory the judgment is sought to be sustained; not being *ultra vires*, the contract was susceptible of ratification.

Does it appear then, from the record, or can it be properly inferred, that there was a valid ratification? The bill of exceptions shows, as before stated, that about one-half the grading contracted for was done, and that defendant accepted and paid therefor. Copies of the proceedings and resolutions of the board of trustees ordering warrants to be issued on account of the work so performed are set out therein. This is the character of the evidence relied on to prove the ratification, and counsel insist that inasmuch as all the evidence is not before us, we must presume that there was sufficient evidence to establish the fact of ratification.

If this kind of evidence was sufficient to constitute a valid ratification of the contract, the presumption might be indulged. But as we have seen, it could only be ratified by a resolution or ordinance, adopted in the same manner required by the statute for the awarding and making of the contract in the first instance. These formalities were not observed in the passage of the resolutions before us, and it follows that, unless there was

testimony in the case of a wholly different character from that contained in the bill of exceptions, of which we have no notice, the judgment upon the issues joined in this case was unauthorized. We may presume that the work of grading the street was completed in accordance with the terms and specifications named in the written instrument, and that it was thought accepted by the defendant; but this, together with the evidence furnished by the record itself, falls short of a valid ratification; consequently, such facts impose no liability upon the defendant to pay for the improvement on the basis of the contract stipulations. Proceedings, to be effectual for such purpose, would be the equivalent of original authority to make a valid contract. We are not advised in any manner that such proceedings were had, and under the circumstances of this case they cannot be presumed. The action being upon the written instrument, and the measure of recovery having been based upon the contract price, the judgment was not warranted.

We do not understand from the record that the expense of this improvement was to be, in any event, assessed upon the owners of adjoining property. This being so, in the absence of an ordinance on the subject providing a particular mode of proceeding in such cases, there would seem to have been no necessity for either advertising for bids, or for letting the work upon contract. The record contains no intimation of the existence of such an ordinance. The statute authorizes the board of trustees to make improvements of this character; to appropriate money for corporate purposes; and to provide for debts and expenses of the corporation. In the absence of express regulations upon the subject, therefore, the defendant would seem to be liable, under proper issues, for the reasonable value of the services rendered.

For the reasons assigned the judgment must be reversed and the cause remanded.

*Reversed.*