## Sullivan et al. v. City of Leadville.

1. Under the General Statutes, section 3324, providing that, on the passage or adoption of an order or resolution of a municipal corporation, the yeas and nays shall be called and recorded, and that a majority of all the members elected to the council must concur therein, an order accepting a bid for street work, the record not showing the concurrence of such majority, nor the call of the yeas and nays, is invalid, and a contract for such work based thereon not binding on the city.

2. The law is well settled that a party dealing with a municipal corporation is bound to see to it that all mandatory provisions of the law are complied with, and if he neglects such precautions he becomes a mere volunteer and must suffer the consequences.

*Error to District Court of Chaffee County.*

Mr. Chas. I. Thompson, for plaintiffs in error.

Mr. C. H. Wenzell, for defendant in error.

Rising, C.   This action was brought by the plaintiffs in error, who were plaintiffs below, to recover damages for an alleged breach of contract by the defendant, and upon the trial a verdict was returned for the defendant. The sufficiency of the evidence to sustain the verdict is the only question presented for our determination. Under the issues made by the pleadings, to entitle the plaintiffs to recover it became incumbent on them to establish, by proof, the fact that the defendant awarded to the plaintiffs the contract for grading and macadamizing certain streets in the city of Leadville at a stipulated price to be paid for said work by the defendant; and that, by reason of the wrongful conduct of the defendant, the plaintiffs were prevented from doing the same, and thereby sustained damage.   It was also incumbent on the plaintiffs to establish the further fact that, prior to the making of such contract, an appropriation had been made concerning the expense thereby incurred.   Gen. St. § 3328.   If

the plaintiffs failed to establish either of these facts the verdict of the jury should not be disturbed.

The contract sued upon, if made at all, was made and completed by the acceptance by the defendant of the plaintiffs' bid for doing the work, and the making of a bond, with sureties, by the plaintiffs, and the acceptance of such bond by the defendant. The evidence of such acceptance is found in the record of the minutes of the proceedings of the city council of the city of Leadville, at a meeting held April 29, 1879. This record is as follows: "It was also resolved that the proposal of Messrs. Sullivan and Hall for the grading and macadamizing of streets, as provided in ordinance No. 41, being the lowest and best bid, be, and the same is hereby, accepted, and that a contract be made with them for said work, pursuant to said ordinance. Said contract not to include any stone work, which, not being authorized by said ordinance, cannot be considered. Action taken on a motion of Alderman Cavanaugh, second by Alderman Monroe." As plaintiffs rest their proof of the making of the contract, on the part of the defendant, upon its acceptance of their bid for doing the work, they must show that such acceptance was made in the manner prescribed by section 3324 of the General Statutes for the making of contracts by the council of a municipal corporation. This statute provides, among other things, that, on the passage or adoption of a resolution or order of a municipal corporation, the yeas and nays shall be called and recorded, and that, to adopt or pass such resolution or order, a concurrence of a majority of the whole number of members elected to the council shall be required. The evidence fails to show that the yeas and nays were called and recorded on the passage of the resolution accepting the plaintiffs' bid, and also fails to show that a majority of the members of the council elected voted for such resolution, and for these reasons the evidence fails to show

a valid contract. *Town of Durango v. Pennington*, 8 Colo. 257–262; *Tracey v. People*, 6 Colo. 151.

We now proceed to examine the case for the purpose of ascertaining whether it is conclusively shown by the evidence that an appropriation ordinance for the fiscal year, commencing April 1, 1879, was passed, by which an appropriation was made to meet the expense to be incurred under the contract sued on. Section 3326 of the General Statutes is as follows: "The fiscal year of each city or town organized under this act shall commence on the 1st day of April in each year, or at such other time as may be fixed by ordinance. The city council of cities and boards of trustees in towns shall, within the last quarter of each fiscal year, pass an ordinance, to be termed the annual appropriation bill for the next fiscal year, in which such corporate authorities may appropriate such sum or sums of money as may be deemed necessary to defray all necessary expenses and liabilities of such corporation, and in such ordinance shall specify the objects and purposes for which such appropriations are made, and the amount appropriated for each object or purpose. No further appropriations shall be made at any other time within such fiscal year, unless the proposition to make such appropriation has been first sanctioned by a majority of the legal voters of such city or town, either by a petition signed by them, or at a general or special election duly called therefor. Nor shall the total amount appropriated exceed the probable amount of revenue that will be collected during the fiscal year." It is a fact, admitted by the pleadings, that during the year 1878, and up to April 1, 1879, the defendant existed as a corporation known as the "Town of Leadville," organized pursuant to the laws of this state; and that in April, 1879, it was advanced in grade in accordance with the provisions of the statutes relating thereto, and organized according to its new grade as the "City of Leadville." It is claimed that the contract upon which this action is based was

entered into by the defendant on the 29th day of April,
1879. It follows, therefore, that the appropriation, by
an annual appropriation bill, to meet the expense in-
curred by such contract, should have been made by the
board of trustees of the town of Leadville within the last
quarter of the preceding fiscal year. The record of the
minutes of the board of trustees of the town of Leadville
fails to show that an annual appropriation bill was passed
by. said board for the fiscal year commencing on the 1st
day of April, 1879. It is not claimed that an appropria-
tion was made to cover the expense incurred by said con-
tract, by either the town of Leadville or the city of Lead-
ville, by the sanction of a majority of the legal voters of
said town or city, under the provisions of said section
3326; so that, upon the question whether an appropriation
was made or not, we are limited in our investigation to
evidence showing the passage of an annual appropriation
bill. The plaintiffs offered parol proof of the passage of
an annual appropriation bill for the fiscal year 1879. It is
claimed by defendant in error that this evidence was
objected to as incompetent. Upon examination of the
record we are inclined to think that no objection was
made, and, if not, no question as to the competency of
the evidence arises; but, without passing upon the ques-
tion whether the evidence was objected to or not, we
shall, in the examination of this question, treat the evi-
dence as properly before us for consideration. It appears
from the testimony of the witness Kennedy that, during
the months, of January, February and March, 1879, he
was the attorney for the town of Leadville, and that, as
such attorney, in the month of February, he prepared
for the board of trustees to act upon, an ordinance
termed the " Appropriation Ordinance," which ordinance
provided for the expenses for the fiscal year commencing
on April 1, 1879; and that said ordinance was passed by
the board of trustees on a call of the ayes and noes, upon
a call of the roll of the members of said board; that the

clerk did not have any book, and the minutes were kept on a small piece of paper,— a brief memorandum by whoever was acting as clerk of the board,— and that the acting clerk and recorder always kept the minutes in that way, and afterwards transferred them to the book; that all the members of said board were present at said meeting except one.  This witness further testified that the ordinance provided a certain amount for the different departments, and a certain amount for streets, bridges and alleys; that it was a general appropriation bill, intended to cover all the expenses of the city government, but that he did not remember the amount appropriated by the ordinance for street purposes.  Upon cross-examination this witness was asked "How many different funds were included in the appropriation ordinance?" and answered, "The police and fire departments; there was a small amount for the latter.  There was some for water, based on the contract with the water company, and some for streets, bridges and alleys.  I don't know but it left the provision for the streets dependent upon the favorable vote of the people.  I think that was the original form of the ordinance.  I recollect I stated that, if the people voted to improve the streets, they would have to make an appropriation for that purpose."  Mr. Nye, a witness for the plaintiffs, testified in relation to the passage of a general appropriation bill for 1879, he being at the time a member of the board of trustees, and, as to some matters, his testimony corroborates the testimony of Kennedy, but in no particular does his testimony present any stronger proof of the due and proper passage of an appropriation ordinance than is made by Kennedy's testimony; so that, unless the passage of an annual appropriation bill for the fiscal year commencing April 1, 1879, is shown by the testimony of Kennedy, the plaintiffs failed to show that fact; and we must be understood, when speaking of an appropriation bill, to mean such an appropriation bill as would author-

ize the defendant by contract to incur the expense of grading and macadamizing the streets, as provided in ordinance No. 41. The establishment of the fact that an appropriation was made for streets, alleys and bridges is insufficient to authorize the defendant to make the contract, unless the further fact is established that the amount of such appropriation was sufficient to cover the expense incurred by the contract. The evidence on this question not only fails to show definitely what amount was appropriated for the improvement of streets, but fails to show that any definite amount was appropriated for that purpose. The witness Kennedy, who is the only witness claiming to know anything definite about the subject-matter of the ordinance, thinks that the ordinance, as prepared by him, left the provision for the streets dependent upon the favorable vote of the people, and he has no definite knowledge that the ordinance did not pass without change in that respect.

We do not think that the evidence relating to the passage of an appropriation ordinance was so definite and certain upon the question of the amount of the appropriation for the purpose of improving the streets that we would be warranted in saying that there was not sufficient evidence, or want of evidence, to warrant the jury in finding that it was not shown that, at the time of making the alleged contract for grading and macadamizing the streets, there was no appropriation made sufficient to meet the expense of such improvement. The defendant is prohibited from entering into a contract for grading and macadamizing the streets, unless it has previously made an appropriation for the expense thereby incurred, by the mandatory provisions of sections 3327 and 3328 of the General Statutes; which provide, among other things, that the city council, nor any department of the corporation, shall not add to the corporation expenditures in any one year anything over and above the amount provided for in the annual appropriation bill of

that year, and that no contract shall be made by the city council, or any committee or member thereof, unless an appropriation shall have been previously made concerning such expense.    The law is well settled, as announced in *Town of Durango v. Pennington,* 8 Colo. 257–260, that " a party dealing with a municipal body is bound to see to it that all mandatory provisions of the law are complied with, and if he neglects such precaution he becomes a mere volunteer, and must suffer the consequences." Under this view of the case it is fortunate for the plaintiffs that the repudiation of the contract by the defendant occurred before the work was done, instead of after it was done.    The judgment should be affirmed.

STALLCUP and DE FRANCE, CC., concur.

PER CURIAM.    For the reasons assigned in the foregoing opinion the judgment is affirmed.

*Affirmed.*