## STATE OF MONTANA, EX REL. PALMER, APPELLANT,
## *v.* CHARLES M. WEBSTER, MAYOR OF GREAT
### FALLS ET AL., RESPONDENTS.

[Submitted October 4, 1897.   Decided October 18, 1897.]

In a proceeding for *mandamus* to compel defendant municipal corporation to pay a balance claimed to be due relator upon a contract, it appeared that the contract provided that monthly estimates of the work done should be made by the City Engineer and that, before the final estimate should be allowed, the contractor should be required to sign a certificate to the effect that he would accept the same in full settlement, and that he should satisfy the city council that all bills for labor and material furnished had been paid; that, after the completion of the work, an estimate was made, and the same was allowed by resolution of the city council; but no penalty was imposed for delay in the work, as was provided in the contract, and the resolution of the council provided that no warrant should be issued in payment of the estimate until a receipted pay roll for all labor was filed, and that any balance due after such payment was made, should be applied in payment of materials used under the contract; that, at the time the proceeding was commenced, the contractor had not paid for some of the materials used by him in performance of his contract. *Held*, the city could waive its right to impose penalties under the contract; that the finding of a jury that the estimate was a final estimate within the terms of the contract, was supported by the evidence; and that a writ of *mandamus* was properly refused.

*Appeal from District Court, Cascade County.   C. H. Benton, Judge.*

APPLICATION by the State of Montana, on the relation of Harry B. Palmer, for a writ of *mandamus* directed to Charles M. Webster, as Mayor, and Charles H. Clark, as City Clerk, of the City of Great Falls, and the City of Great Falls.   From a judgment denying the writ, relator appeals.   Affirmed.

Statement of the case by the justice delivering the opinion.

Relator applied for a writ of *mandamus* to compel the City of Great Falls to pay him a balance alleged to be due under the terms of a certain contract.   The facts and issues involved necessary to a disposition of this controversy are, briefly stated, as follows :

The City of Great Falls, in the year 1894, entered into a contract with one Vogel, whereby the latter agreed to pave one of its streets.   Vogel was to furnish all materials and labor.   He was to be paid in warrants on monthly estimates made by the City Engineer as to work done.

In the specifications for the paving (which were attached to, and expressly made a part of, the contract) was this recital : ''Before the final estimate shall be allowed by the city council, the contractor shall be required to sign a certificate on said estimate that he will accept the same as a settlement in full for all the claims against the City of Great Falls on account of work done or materials furnished under these specifications; and, furthermore, shall satisfy the city council that all bills incurred for labor and material furnished have been paid.''

The paving was to be completed on or before August 1, 1895, and a penalty was provided for any delay after said date; and also, in such event, the city had the right to withhold a certain amount of money as security for the final completion of the work in the ensuing spring. It was also provided in the agreement ''that no final estimate will be given on any work completed after November 1, 1895, until the work is thoroughly repaired in the spring to the satisfaction of the City Engineer.'' Vogel did not complete the work until after November 1, 1895. On November 29, 1895, the City Engineer made a sixth and last estimate of work done, which showed the price thereof to be $8,003.60.

While the paving was being done, Vogel assigned to relator, Palmer, all warrants due and to become due under his contract.

When the sixth estimate was submitted to the city council of Great Falls, that body adopted the following resolution : ''The City Engineer submitted an estimate in favor of Henry Vogel on account of the paving of Central avenue, amounting to $8,003.60, and on motion the same was allowed, subject to the following conditions : That no warrants be issued in payment of said estimate until after said Vogel files a receipted pay roll covering all the labor employed on said pavement under his contract of September 14, 1894; that the balance due after said labor has been paid shall be applied in payment of bills for materials used in said pavement.''

This resolution constituted the entire action of the city

council as to this estimate No. 6.   There was no withholding
of any money, as had been ordered in reference to previous
estimates submitted and acted upon pursuant to the terms of
the contract.   No penalty was exacted, no action taken on ac-
count of the work having been completed after the time
specified therefor in the contract.   The contractor was not re-
quired to sign a certificate of full settlement.

It appears that at the time of the action of the city council
as to this sixth estimate Vogel owed quite a sum of money for
materials, which was unpaid at the time of the trial of the
case.   Previous to the commencement of suit, however, the
relator complied with the resolution as to the labor pay roll,
and received $5,000 in warrants.   Upon a refusal on the
part of the city to pay the balance of the $8,003.60, namely,
the sum of $3,003.60, Palmer, as relator, filed a petition for
a writ of *mandamus* to compel such payment.

The case was tried to a jury, and answers were returned to
special questions submitted.   One of these answers was to the
effect that the sixth estimate, aforesaid, was a final estimate.
The appeal is from the judgment denying the writ, and from
an order overruling a motion for a new trial.

*Largent & Huntoon* and *John B. Clayberg,* for Appellant.

*Harry H. Ewing, Brady & Freeman* and *W. G. Downing,*
for Respondents.

BUCK, J.—It is conceded by both counsel for appellant and
respondent that the main question submitted to us for an an-
swer is the following: ''Was the fact that Vogel was indebted
to third parties for materials used under the contract any de-
fense on the part of the city to the application for man-
damus?''

Appellant contends that the sixth estimate of work done by
Vogel was not a final estimate.   We think, however, that the
jury properly found that it was.   The city had a right to
waive all requirements in the contract in its favor as to the
imposition of penalties, and the evidence shows that by both

·the contractor and the city the sixth estimate was regarded as a final one. Such being the case, we must answer the question aforesaid in the affirmative.

Vogel had not paid for materials, as he had agreed to do in his contract, at the time relator demanded a writ of mandamus to compel the City of Great Falls to turn over warrants to him in payment of the balance due Vogel according to said sixth estimate. The city had a right to withhold these warrants until it was satisfied that these material claims had been paid.

There are numerous other alleged errors, but, these being in matters immaterial to this decision, it is unnecessary for us to consider. The judgment is affirmed.

*Affirmed.*

PEMBERTON, C. J., and HUNT, J., concur.