Thomson, J.
Proceeding in mandamus to compel the board of *66 trustees of the town of Montrose to allow a claim of the petitioner against the town, and order a warrant drawn for its payment. The petition, filed July 11, 1899, alleged that the town was the owner of its own water works, and, during the month of September, 1898, purchased and received coal from the petitioner to be used in their operation, for which it promised to pay him the sum of $84.06 at the first meeting of the board after the month of the purchase; that at the first regular meeting of the board in October, 1898, the petitioner presented to the respondents his bill for the coal, to be allowed and paid, but, although he had frequently demanded its allowance and payment, the respondents had taken no action upon it; that the monthly revenue derived from the water works was more than sufficient to defray the expenses of their operation, and that since the presentation of the petitioner’s claim the respondents had allowed and paid other claims out of the revenue from the water works. The respondents demurred to the petition for insufficiency ; and, upon the overruling of their demurrer, answered, denying that they or any of them agreed to pay the petitioner for any coal, the sum of $84.06, or any other sum, either at their first meeting in October, or at any other time; denying that any demand was ever made upon them for the allowance or payment of the petitioner’s bill; denying that the bill was payable out of funds furnished by the operation of the water works, and denying that there were any such funds. The cause was heard on the petition and answer, and a peremptory writ ordered, commanding the respondents to take action on the claim at their next meeting.
Mandamus lies to compel the performance of an act which the law specially enjoins as a duty resulting from an office, trust or station. — Mills’ Ann. Code, sec. 307. We have been referred to no law specially *67 enjoining upon the respo3idents the duty of allowing or paying the petitioner’s claim. The powers and duties of city councils and boards of town trustees, are specifically enumerated by the statute; but among those duties is not that of auditing claims.
However, it is not necessary that we should express ourselves definitely at this time on the question of the respondents’ duty in the matter of passing upon this bill, for in another particular the petition is fatally defective. The corporation was prohibited by law from contracting the debt, or incurring the expense mentioned in the petition, unless a previous appropriation with reference to it had been made. — - Mills’ Ann. Stats., secs. 4447, 4448, 4449., Without such appropriation there is no way in which the petitioner’s claim can be enforced. — See Sullivan v. Lead-ville, 11 Colo. 483.
It was incumbent upon the petitioner to set forth in his petition every fact necessary to entitle him to the writ, and as the liability of the corporation was dependent upon a previous appropriation, an averment of such appropriation was necessary. In State v. Governor, 39 Mo. 388, Wagner, J., said:
“It is a familiar rule of pleading that the plaintiff must state in his petition all the facts specifically, which would be necessary, if true, to entitle him to maintain his action, or to have the relief which he seeks.” — See also High’s Ex. Rem., § 450; Merrill on Mandamus, § 255.
Upon the facts set forth in the petition, the respondents were not required to take any action of any kind upon the petitioner’s claim, and the writ was erroneously ordered.
The judgment is reversed.

Reversed.