[No. 4779.]

## THE CITY AND COUNTY OF DENVER v. HINDRY.

**1. Cities and Towns—Public Improvements—Contracts—Ultra Vires.**

A provision in a contract with a city for building a sewer is not ultra vires, which provides that, if evidence is produced before final settlement that the contractor has failed to pay for the labor employed or material used, the city may withhold the balance due until the claims are paid; and the contractor cannot demand such balance until the provision is complied with.—P. 45.

**2. Cities and Towns—Public Improvements—Contracts—Alteration of Plans.**

A contract with a city for the construction of a sewer provided that the engineer, with the written consent of the board, could make alterations in the work, and, if the alterations diminished the quantity of work, such fact should not constitute a claim for damages or anticipated profits on the work dispensed with. Held, that where a change was made with the consent of the board, whereby certain sub-drains were dispensed with, the contractor cannot maintain an action for damages for increased cost of constructing the sewer on account of unfavorable conditions caused by the abandonment of such drains.—P. 47.

**3. Same—Liability on Implied Contract.**

A city cannot make improvements and issue bonds to pay the expense thereof in any other manner than provided by law, and, where its charter contains such provisions, the city cannot be held liable unless they are complied with. Hence, a contractor cannot recover for work done and material furnished under an implied contract, since he is bound to take notice of the charter provisions.—P. 49.

*Appeal from the District Court of the City and County of Denver.*
*Hon. Booth M. Malone, Judge.*

Action by John B. Hindry against the city and county of Denver. From a judgment for plaintiff on his first cause of action, defendant appeals, and plaintiff assigns cross-errors on a nonsuit of two other causes of action.

*Reversed on defendant's appeal, and affirmed as to cross-errors.*

Mr. HENRY A. LINDSLEY, Mr. H. L. RITTER, Mr. F. A. WILLIAMS, and Messrs. ROGERS, SHAFROTH & GREGG, for appellant.

Mr. CHAS. J. HUGHES, Jr., and Mr. BRET HARRIS, for appellee.

CHIEF JUSTICE STEELE delivered the opinion of the court:

J. B. Hindry, having entered into a written contract with the city of Denver for the building of a sewer, and the city having failed to pay him the amount he demanded as due and owing under the contract and for damages growing out of the alleged failure of the city to perform its part of the contract, brought suit in the district court against the city and county. The complaint alleges five causes of action. The court directed a verdict against the city on the first cause of action, and judgment was entered thereon, from which judgment the defendant appealed to this court. The cause was tried on the first, second and fourth causes of action. Judgment of nonsuit was rendered by the court upon the second and fourth causes of action, and the jury was directed to return a verdict in favor of the plaintiff upon the first cause of action for $7,809.75 and interest, and a verdict was so rendered, and judgment was rendered thereon in favor of the plaintiff in the sum of $12,318.57. The plaintiff assigns cross-errors, alleging error in the ruling of the court in granting nonsuit on the second and fourth causes of action.

The complaint alleges a contract between the plaintiff and the city for the construction of a sewer in North Denver Sanitary District No. 2; that pursuant to the contract the plaintiff performed the work according to the plans and specifications, and that on August 9th, 1894, the board of public works of the city examined and approved a final estimate made by

its engineer, and thereby admitted an indebtedness to the plaintiff of $23,232.58, of which sum $14,550.77 was then payable, $8,500.81 thereof was, under the terms of the contract, to be retained for the period of ninety days; that the city has neglected and refused to pay said amount in bonds or money; and prays for a money judgment against the city for said amount, with interest.

It was shown upon the trial that the city had paid the item $14,550.77, and the plaintiff's receipt for that amount appears in the record. The only controversy, therefore, is over the sum of $8,500.81.

The answer of the city admits that it claimed the right to hold and retain the sum of $8,500.81. for and on account of the percentage provided in the contract to be retained for a period of ninety days, to be applied in the manner provided by the contract, and alleges that the plaintiff has not tendered to the defendant, as required by section 93 of the contract, a release from all claims whatsoever growing out of said agreement. In a further answer the city states that on the 25th of September, 1894, The Denver Sewer-Pipe and Clay Company filed with the board of public works its statement, duly verified, showing that said company had furnished to Hindry drain and sewer pipe used in the construction of the said sewer, and that there was a balance due the company on account thereof from said Hindry in the sum of $9,243.69; that the claim was filed before any final settlement was had with said Hindry, and that the defendant had repeatedly requested the plaintiff to settle the account and to make statements of the work done and the amount due plaintiff, in order that there might be a final settlement, but that plaintiff wholly failed, refused and neglected to give to defendant any statement or to enter into any final settlement with the city, and neglected to pay the

said claim; that the company assigned to the city said claim and that the city has paid the company the sum of $7,809.79.

Hindry, in his replication, denies the authority of the city to pay the claim of The Denver Sewer-Pipe and Clay Company, and alleges that he has fully paid the said company.

Section 84 of the contract is as follows:

"84. If evidence is produced before final settlement of all balances that the said party of the second part has failed to pay the laborers employed on this work, or failed to pay for the material used therein, the city, through its officials, may withhold such balances until the contractor shall have satisfied them that all such claims have been paid."

The real controversy between the parties, as respects the first cause of action, is whether it was or was not within the power of the city to make such provision in its contract with Hindry. The authorities we shall cite hold that it is within the power of public corporations to make such provisions, and that the public is under a moral obligation to see to it that those who furnish materials for public improvements shall be paid. Chief Justice Cooley makes the following observations with respect to the duty of the public bodies:

"A corporation when constructing a public building or other public work is chargeable with moral duty, as an individual would be, to see that it is so constructed that people may not be injured in coming near to or making use of it in a proper manner. In some cases they may not be legally responsible for failure to perform this duty; but where the moral obligation exists, it cannot be said that any provision for its performance, not improper in itself, is *ultra vires*. A county may go to great pains and great expense to make its court house unquestionably

safe, that individual citizens may not suffer injuries consequent upon its construction. But if it may do this, it would be very strange if it were found lacking in authority to stipulate, in the contract for the building, that the contractors when calling for payment, shall show that they are performing their obligations to those who supply the labor and materials, and that the county is not obtaining the building at the expense of a few of its people. We cannot think such is the case."—*Knapp v. Swaney,* 56 Mich. 345.

We find support for the doctrine announced by Chief Justice Cooley in the following cases: *Baker v. Bryan,* 44 Iowa 561; *Philadelphia v. Stewart,* 195 Pa. St. 309; *State v. Liebes,* 19 Wash. 589; *St. Louis v. Van Phul,* 133 Mo. 561; *State v. Webster,* 20 Mont. 219.

This doctrine has the support of many other courts, and commends itself to us as wise and wholesome, as tending to secure better material and more skillful labor in the public improvements, and as avoiding the public scandal of having a public improvement built at the expense of those who have dealt with a derelict contractor. We are of opinion that the provision of the contract was not only not *ultra vires,* but that it was the moral duty of the city to make such provision, to the end that the laborers and materialmen might be protected. Very many authorities sustain the contention of counsel that Hindry, having received the benefits of the contract, is estopped to plead that it was *ultra vires.* We shall not discuss that question. We rest our judgment upon the proposition that Hindry, having failed to produce the receipt of laborers and materialmen, as required by section 84 of the contract, was not entitled to be paid the balance on the contract, and that until he does produce such receipt, he is not entitled to recover the amount found due him.

Plaintiff declares that the payment of the claim of The Denver Sewer-Pipe Company is *ultra vires*. What our ruling would be if the validity of the act of the city in making the payment were properly presented, we cannot say; but as the plaintiff has failed to show that he is entitled to recover from the city, we do not regard it as material to this controversy whether the city has or has not paid the claim.

The judgment on the first cause of action is reversed.

The plaintiff (appellee here) alleges, by cross-errors, error in the court below in dismissing the second and fourth causes of action. The second cause of action alleges that the city refused to permit Hindry to construct certain sub-drains on the exterior lines of the district, and that by reason of such refusal he was compelled to and did construct many thousand feet of sewer through mud and quicksand and through ground soaked and permeated with water, at a cost greatly in excess of what it would have cost but for such refusal, and he asks judgment in the sum of $26,426.00.

We shall assume that there was proper authority for the construction of the sub-drains mentioned, and that the charter has been complied with in every respect concerning that portion of the sewer system of the North Denver District No. 2.  Still there is nothing in the contract which indicates that they were to be constructed for the benefit of the contractor, or to enable him to construct the main sewer with less impediment, and there is nothing in the contract or the specifications or the instructions to bidders indicating that these sub-drains are to be regarded as differing in any respect, in so far as the respective obligations of the city to permit their construction, and of the contractor to construct, are concerned,

than any other portion of the work. The engineer of the board of public works testified that the digging of "test pits" demonstrated that it was unnecessary to lay the sub-drains on the exterior lines of the district. That the laying of these drains was not proposed to enable the contractor to construct the sewer more easily, but was designed as a sanitary measure to prevent the territory, which was supposed to be very wet, from ever becoming wet again. It was also shown that the failure to construct the sub-drains on the exterior lines necessitated the construction of a great amount of sub-drainage sewer in the interior of the district, and that Hindry performed that work, and that he made no complaint to the engineer of the change of plan. But the plaintiff is not, in our opinion, entitled to recover upon the second cause of action, because of his agreement contained in section 69 of the contract, which is as follows:

"Section 69. The engineer, having the consent of the board in writing, shall have the right to make alterations in the line, grade, plan, form, materials, dimensions or extent of the work herein contemplated at any time before the completion of the same. If such alterations diminish the quantity of the work to be done, they shall not constitute a claim for damages or anticipated profits on the work dispensed with. If they increase the amount of work, such increase shall be paid for according to the quantity actually done, and at the price or prices stipulated for such, in the contract."

It was shown that the change was made with the consent of the board. Hindry, therefore, was not in a position to complain, because he had stipulated that the plans might be changed, and agreed that if alterations should be made in the amount of work to be

done, that he would not be entitled to damages or for loss of profit.

By the fourth cause of action the plaintiff seeks to recover upon a *quantum meruit* for the reasonable value of the work and labor performed and materials furnished in the building of the sewer. He admits the payment of $65,000.00, says the work was reasonably worth the sum of $150,000.00, and prays judgment for the balance, to wit, the sum of $85,000.00. His contention is that as the city has failed to perform its part of the contract, he is entitled to recover upon an implied contract to pay the reasonable value of the work and labor performed and materials furnished. That the city cannot be held upon an implied contract of this character is well settled in this jurisdiction. The city cannot make improvements and issue bonds to pay the expense thereof in any other manner than that provided by law. The charter of the city of Denver is the law governing it, and persons dealing with it, in such matters. The city cannot be held liable unless the mandatory provisions of the charter have been complied with, and the contractors with the city are bound to take notice of these provisions, and if they neglect such precaution they become mere volunteers and must suffer the consequences.—*Durango v. Pennington*, 8 Colo. 257; *Sullivan v. Leadville*, 11 Colo. 483.

The city, therefore, cannot be held upon the alleged implied contract, for the reasonable value of the work and labor performed and materials furnished in the construction of the sewer, as claimed in the fourth cause of action.

For the reasons given, the judgment is reversed as to the first cause of action and affirmed as to the second and fourth causes of action.

Mr. JUSTICE CASWELL and Mr. JUSTICE MAXWELL concur.