### BOSWORTH-CHANUTE & CO. v. TOWN OF BRIGHTON.

(Circuit Court of Appeals, Eighth Circuit. April 14, 1921.)

#### No. 5600.

1. **Municipal corporations ⬤⟶866—Agreement to issue and sell bonds, not made by ordinance, does not create debt to extent of bonds.**
   Under Const. Colo. art. 11, § 8, and Rev. St. Colo. 1908, § 6525, providing that no city or town shall contract any debt or loan in any form, except by means of an ordinance, an agreement entered into between the trustees of a town and bond buyers for the issuance and sale of municipal bonds, not made by ordinance, does not create a debt of the town for the amount of the bonds specified.

2. **Municipal corporations ⬤⟶866—Agreement to issue and sell bonds not binding, unless made by ordinance, as required for creation of indebtedness.**
   - Since a town could not create a valid debt by issuing its bonds, unless it acted by ordinance as required by Const. Colo. art. 11, § 8, and Rev. St. Colo. 1908, § 6525, an agreement between the town and prospective buyers of the bonds to issue the bonds and sell them to the buyers imposes no liability upon the town, where the agreement was not made by ordinance.

3. **Municipal corporations ⬤⟶866—Resolution is not equivalent of "ordinance" required to incur indebtedness.**
   A resolution of the board of trustees of the town, which is more temporary than an ordinance, is not the equivalent of an ordinance, required by Const. Colo. art. 11, § 8, and Rev. St. Colo. 1908, § 6525, for the creation of a valid indebtedness against the town.

   [Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Ordinance.]

⬤⟶For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

In Error to the District Court of the United States for the District of Colorado; Robert E. Lewis, Judge.

Action by Bosworth-Chanute & Co., a Delaware corporation, against the Town of Brighton, a municipal corporation of Colorado. Judgment for defendant, and plaintiff brings error. Affirmed.

Robert G. Bosworth, of Denver, Colo. (Pershing, Nye, Fry & Tallmadge, of Denver, Colo., on the brief), for plaintiff in error.

Harry Behm, of Brighton, Colo., for defendant in error.

Before SANBORN, CARLAND, and STONE, Circuit Judges.

SANBORN, Circuit Judge. Bosworth-Chanute & Co., a corporation, brought this action against the town of Brighton for damages, for its alleged breach of a contract made by the town, whereby the Bosworth Company agreed to buy at par $85,000 of the town's proposed bonds for the extension of its waterworks to be dated July 1, 1918, and to be due in 15 years from their date, and to furnish all legal procedure required for the valid issue thereof, "including all resolutions and ordinances and procedure, provided that the town officials with reasonable promptness will take all action and pass and furnish copies of all proceedings prescribed and requested by our attorneys for the valid issuance of said bonds," and the town agreed to deliver the bonds to the Bosworth Company as above provided. The Bosworth Company furnished the legal procedure, as it agreed to do, offered and has been ready and willing to pay the agreed price for the bonds, but the town first notified the plaintiff that it would not deliver the bonds, and then refused to do so, to the damage of the plaintiff in the sum of $3,400, and thereafter issued its bonds for $85,000, differing slightly in terms from those described in the plaintiff's contract, and sold and delivered them to others. The town defended the action on the grounds (1) that when the contract was made no ordinance had been passed which authorized or provided for the issue of the bonds described in the contract; and (2) that the town was without corporate power or authority to make the contract in suit, or to authorize the issue or delivery of the bonds specified therein in any other way than by the passage of an ordinance to that effect by its board of trustees, and that no such ordinance had ever been passed. To these defenses the plaintiff demurred, the court below carried the demurrer back to the complaint, held that, inasmuch as the Constitution of the state of Colorado (article 11, section 8) provided that "no city or town shall contract any debt by loan in any form, except by means of an ordinance, which shall be irrepealable, until the indebtedness therein provided for shall have been fully paid or discharged, * * *" and the corporate powers of the town were limited in the same way by the Revised Statutes of Colorado of 1908, § 6525, sixth, the contract upon which the plaintiff sued was not actionable, sustained the demurrer to the complaint, and dismissed the action.

[1] When the agreement upon which this suit is founded was made, section 6525, supra, empowered the town to issue and sell the bonds described therein by the passage by its board of trustees of an ordinance describing them, authorizing their issue, and providing for the levy of

taxes to pay them. No such ordinance had then been passed. The issue and sale of the bonds in accordance with the terms of the contract would have created a debt of the town to the amount of $85,000. The Constitution of the State of Colorado forbade the town to contract any debt in any form except by means of an ordinance which should be irrepealable until the debt was paid. So it was that at the time the contract was made neither the town nor its officers were authorized by the passage by its board of trustees of any ordinance to make the contract. That agreement, therefore, could not have authorized the issue or sale of the bonds, or the creation of the debt for $85,000.

[2] Counsel for the plaintiff, however, contend that, since the town had the corporate power by subsequently passing the requisite ordinance to authorize the delivery and issue of the bonds and to create the indebtedness, it was legally bound by this contract so to do. They argue that it could lawfully agree by resolution of its board of trustees to do any act within its corporate powers, even though that act could be lawfully done only by means of the passage of an ordinance by its board of trustees. A deliberate consideration of this argument has failed to convince of its soundness. The general rule is that one cannot lawfully do indirectly that which he cannot legally do directly, and a corporation is not exempt from this rule. For example, one of the provisions of the statute of frauds is that every contract for the sale of any goods, chattels, or things in action for the price of $50 or more, shall be void, unless a note or memorandum of such contract be made in writing, and be subscribed by the parties to be charged. Would an oral contract to make such a written contract of such a sale legally obligate one to make the sale any more effectually than an oral contract to make the sale? A negative answer to this question is unavoidable.

If counsel for the plaintiff insist that the contract in suit legally bound the town to issue and deliver the bonds to the plaintiff on the terms stated in the agreement, then that contract unavoidably created an indebtedness of the town without the passage of an ordinance, and it falls under the ban of the constitutional inhibition. If, on the other hand, they concede that the contract did not legally obligate the town to issue and deliver the bonds to it according to its terms, the contract was voidable while it remained executory at the option of the plaintiff, and as the plaintiff exercised its option while the contract was still executory, there was no obligation of the town remaining to sustain this action.

[3] The Constitution and the statutes made an ordinance passed by the board of trustees an indispensable condition of the creation of the obligation and debt evidenced by this contract. A resolution of the board was not in this case an equivalent of an ordinance, because the statutes authorized the creation of the corporate indebtedness here in question by ordinance only, because the Constitution forbade its creation in any other way than by ordinance, because a resolution is more temporary, an ordinance more permanent, in character, and the general rules are that, where authority to exercise a corporate power by ordinance is granted, an attempt to exercise it by resolution is futile and that, where the Constitution or the statutes which permit or grant the

right to exercise a corporate power expressly designate the way in which it may be exercised, that designation limits the right to exercise it to the way specified, and renders its attempted exercise in any other way ineffectual. Zottman v. San Francisco, 20 Cal. 96, 102, 81 Am. Dec. 96; Town of Durango v. Pennington, 8 Colo. 257, 260, 7 Pac. 14; Mills v. City of San Antonio (Tex. Civ. App.) 65 S. W. 1121, 1122; City of Ft. Scott v. W. G. Eads Brokerage Co., 117 Fed. (8th C. C. A.) 51, 54, 54 C. C. A. 437; Trester v. City of Sheboygan, 58 N. W. 747, 87 Wis. 496; Gaslight & Coke Co. v. City of New Albany, 156 Ind. 406, 59 N. E. 176.

Let the judgment below be affirmed.