## No. 11,149.

## MOUNTJOY, et al. *v.* CHEYENNE COUNTY HIGH SCHOOL DISTRICT.

Decided October 13, 1925.

Action by architects for services rendered a school district. Judgment for defendant.

### *Reversed.*

1. SCHOOLS—*Contracts.* While section 8405, C. L. '21, provides that a school district may be a party to contracts, the contracts must be such as are authorized by law.

2. *High Schools—Buildings.* Unless directed by a vote of the district a high school committee cannot construct buildings nor enter into contracts in connection therewith.

3. ACTIONS—*Contracts—Quantum Meruit.* In cases involving contracts which are void because in excess of corporate power, where the corporation has received benefits which have been applied to authorized objects under an ultra vires contract, although no action can be had upon the contract, a recovery may be had upon quantum meruit.

   If the contract is illegal because in violation of a positive statute, or if offensive to public policy, no action can arise out of the transaction for any purpose.

4. SCHOOLS—*Architects—Contract.* Where architects rendered services to a school district under a contract which the district had no authority to execute, it is held under the circumstances shown, that they could recover on quantum meruit.

*Error to the District Court of Cheyenne County, Hon. Arthur Cornforth, Judge.*

Mr. JOHN C. VIVIAN, for plaintiffs in error.

Mr. A. E. BOWE, for defendant in error.

*Department Two.*

MR. CHIEF JUSTICE ALLEN delivered the opinion of the court.

THIS is an action by a firm of architects against the Cheyenne county high school district to recover for architectural services. The complaint, for a first cause of action, alleges an express contract, and for a second cause of action proceeds as upon a quantum meruit. It is alleged that the defendant district paid on account the sum of $3,500 for the services rendered, and that there is still owing and due to plaintiffs the sum of $5,423.17, the recovery of which is prayed.

The defendant moved for a judgment upon the pleadings. The motion was sustained, and a judgment was entered allowing defendant to recover back the amount already paid and giving plaintiffs nothing upon their claim. The plaintiffs bring the cause here for review.

The contract in question was entered into between the plaintiffs and the officers of defendant district on January 15, 1920, and provided that plaintiffs shall perform certain architectural services with reference to a proposed school building, and receive therefor a fee of six per cent of the total cost of the structure. This agreement, which was in writing, was made conditional upon a bond election.

A bond election, which is the only bond election mentioned in the complaint or the briefs, was held on July 19, 1920. The high school district had no power or authority prior to that time, and on the date of the contract in question to enter into any such agreement as that herein sued on. The plaintiffs cite section 8405, C. L. 1921, which provides that a high school district may be "a party to * * * contracts." But the contracts must be such as are authorized by law. Unless directed by a vote of the high school district, the high school committee cannot build school buildings, nor enter into any contracts in connection therewith. There is no statutory provision permitting it. Such matters are controlled by statute. 35 Cyc. 949. It follows that plaintiffs were not entitled to recover upon the express contract.

The next question presented is whether plaintiffs may recover as upon a quantum meruit. The defendant school district contends that under the holding in *Colorado Springs v. Coray*, 25 Colo. App. 460, 139 Pac. 1031, plaintiffs cannot recover under a quantum meruit. That case is not controlling here. There it was held that one could not recover the reasonable value of services rendered in pursuance of a contract entered into without the formalities of law, under the particular circumstances there described. In that case the law required certain contracts to be let to the lowest bidders, and plaintiff did not obtain his contract in that manner. The rule which applies to cases of this kind is stated in 4 McQuillin, Municipal Corporations, section 1945, as follows: "There is a distinction between contracts void as violative of a statute, and contracts which are void because in excess of corporate power, in respect to a recovery on quantum meruit. This distinction is well recognized in adjudicated cases. In the latter class, where the corporation has received benefits which have been applied to authorized objects under an ultra vires contract, although no action can be had upon the contract, a recovery may be had on the quantum meruit; but in the former class, where the contract is illegal because in violation of a positive statute, or being offensive to public policy, no action can arise out of the transaction for any purpose."

In *Durango v. Pennington*, 8 Colo. 257, 7 Pac. 14, it was said, in effect, that if there were no regulations concerning contracts such as plaintiff there acted under, the city would be liable for the reasonable value of the services rendered.

The complaint shows that on July 19, 1920, the district authorized the issuance of bonds in the sum of $100,000 for the construction of a school building. The district thereafter constructed a school building, referred to in the complaint as the "academic building", which was a part only of the "complete building" contemplated in the contract of January 15, 1920, for plans and specifications.

After the bonds were voted the district had the power to contract for services of architects. It did not do so then, but proceeded to use the plans and specifications furnished by plaintiffs under the contract of January 15, 1920, to the extent that such plans and specifications concerned the building which was actually constructed. The district also availed itself of plaintiffs' advice and consulted with plaintiffs in reference to the building. The circumstances are such that the law, independently of an express contract, imposes an obligation upon the defendant district to do justice in respect to the benefits received. 35 Cyc. 964; *Ritchie & Sons v. City of Wichita*, 99 Kan. 663, 163 Pac. 176.

For reasons above indicated, it was error to render judgment upon the pleadings against plaintiff upon that part of the complaint setting up a cause of action as upon a quantum meruit.

The judgment is reversed and the cause remanded for further proceedings not inconsistent with the views herein expressed.

MR. JUSTICE DENISON and MR. JUSTICE WHITFORD concur.