SMITH CANAL OR DITCH COMPANY v. CITY OF DENVER.

1. MUNICIPAL POWERS—MODE OF EXERCISE.

Persons dealing with a municipal corporation must, at their peril, take notice, not only of the powers vested in the corporation, but of the mode by which its powers are to be exercised so far as such mode is mandatory.

2. MANDATORY PROVISION.

The provision of the Denver charter declaring that neither the city council nor any officer of the city shall make any contract or do anything binding, or imposing, upon the city any liability to. pay money as upon contract, until a definite appropriation shall be made to meet the requirements or consequences of such contract, is mandatory; and a ditch company furnishing water for the necessary uses of said city cannot recover against the city the reasonable price for the use of said water, in the absence of such definite appropriation.

*Error to the District Court of Arapahoe County.*

ACTION for water furnished and delivered.    General demurrer to complaint sustained, and judgment dismissing plaintiff's complaint.    Plaintiff brings the cause to this court by writ of error.

COMPLAINT.

" That the plaintiff The Smith Canal or Ditch Company is a corporation organized and existing under and by virtue of the laws of the territory now state of Colorado, for the purposes as stated in its articles of incorporation, of constructing, operating and maintaining a certain canal, or ditch to divert water from the Platte river and to dispose of water for milling, manufacturing and irrigating and other purposes ; that in pursuance of the purposes for which it was

organized the plaintiff constructed and is now the owner of and is now and has been for many years last past operating that certain ditch or canal known and called the Smith ditch or canal; that said Smith ditch or canal is used by plaintiff to conduct water from the Platte river to the said city of Denver and elsewhere.

" That the defendant is a municipal corporation organized and existing under and by virtue of the laws of the state of Colorado.

" That at the special instance and request of the defendant, the plaintiff furnished and delivered to the defendant water from its said ditch for irrigation and domestic purposes at the times and in the amounts following, that is to say: that during the year 1885, the plaintiff furnished and delivered to the defendant fifty inches of water from its said ditch; that during the year 1886, the plaintiff furnished and delivered to the defendant fifty inches of water from its said ditch; that during the year 1887, the plaintiff furnished and delivered to the defendant seventy-five inches of water from its said ditch; that during the year 1888 the plaintiff furnished and delivered to the defendant one hundred inches of water from its said ditch; that during the year 1889, the plaintiff furnished and delivered to the defendant one hundred inches of water from its said ditch; and that all of said water so furnished was absolutely necessary for the said city for the purposes aforesaid; that for the said water so furnished and delivered by plaintiff to defendant from its said ditch as aforesaid, the defendant promised and agreed to pay a reasonable price therefor; that a fair and reasonable price for the use of said water so furnished by plaintiff to defendant as aforesaid is the sum of two dollars and fifty cents per inch for each and every inch so furnished as aforesaid during each of the years aforesaid; that defendant is indebted to plaintiff in the sum of $937.50 for and on account of the water so furnished and delivered as aforesaid; that defendant although often requested has not paid said sum or any

part thereof, but refuses to pay the same or any part thereof.

" Wherefore, plaintiff demands judgment," etc.

"DEMURRER.

" That said complaint does not state facts sufficient to constitute a cause of action against said defendant."

Messrs. MARKHAM & CARR, for plaintiff in error.

Mr. J. F. SHAFROTH, Mr. F. A. WILLIAMS and Mr. A. B. SEAMAN, for defendant in error.

MR. JUSTICE ELLIOTT delivered the opinion of the court.

This action is in the nature of an assumpsit upon an implied contract. The complaint contains no agreement or promise as to the price to be paid by the defendant city for the water furnished to it by the plaintiff company; but it is contended that from the facts alleged the law implies a promise on the part of the city to pay plaintiff a reasonable price for the water actually furnished and delivered.

The general rule is, that to create a liability against a municipality *by contract*, the contract must be *express*. 1 Dillon, Mun. Corp. (4th ed.) sec. 461. The exceptions to this rule need not now be discussed, since in this action an express provision of the charter is relied upon to protect defendant from liability. The charter in force at the time the water was furnished as alleged in the complaint, provided as follows: " Neither the city council nor any officer of the city shall have the authority to make any contract, or do anything binding the city, or imposing upon the city any liability to pay money, until a definite amount of money shall have been appropriated for the liquidation of all pecuniary liability under said contract, or in consequence thereof, and the amount of said appropriation shall be the maximum limit of the liability of the city under any such contract, or in consequence thereof; said contract to be *ab initio* null and void, as to the city, for any other or further liability." See Session Laws, 1885, p. 106, sec. 8 of art. 6.

This clause of the charter makes the appropriation of a definite sum of money an indispensable prerequisite to a valid obligation on the part of the city to pay money upon, or on account of, any contract such as is pleaded in the present action. The complaint does not allege any appropriation, as required by the statute, nor does it allege such facts as bring the case within any of the provisions mentioned or referred to in said section 8. It is not claimed that the nonexistence of such an appropriation should have been pleaded as a defense.

Persons dealing with a municipal corporation must at their peril take notice, not only of the powers vested in the corporation, but of the mode by which its powers are to be exercised so far as such mode is mandatory. 1 Dillon, Mun. Corp. (4th ed.) sec. 449.

In support of plaintiff's claim great reliance is placed upon the case of *Argenti v. City of San Francisco*, 16 Cal. 256, and also upon the case of *Nelson v. Mayor*, 63 N. Y. 535. Of these cases Mr. Justice Folger, delivering the unanimous opinion of the court of appeals of New York, said:

" In those two cases the way was open for implying a promise to pay what the property was worth, if with no disregard of statute law, such an implication was admissible ; that is to say, there was in those cases, so far as appears from the facts, no express inhibition upon the city that it should not incur a liability save by an express contract. Here there is an express legislative inhibition upon the city, that it may not incur liability unless by writing and by record. How can it be said that a municipality is liable upon an implied promise, when the very statute which continues its corporate life and gives it its powers, and prescribes the mode of the exercise of them, says that it shall not, and hence cannot, become liable, save by express promise ? " See *McDonald v. Mayor*, 68 N. Y. 28 ; also, *Smith v. City of Newburgh*, 77 N. Y. 130 ; and *McCoy v. Briant*, 53 Cal. 247.

The language of the New York court, above quoted, is peculiarly appropriate to the case at bar. Here we have an

express statutory provision incorporated into the charter of the defendant city—a public law of the state—a charter by virtue of which the city exists as a corporation—declaring that the city shall not make any contract, nor do any act binding or imposing upon itself any liability to pay money, as upon contract, until a definite appropriation is made to meet the requirements or consequences of such contract, and that such contract shall be *null and void as to the city* in the absence of such act of appropriation. It is obvious that the legislature intended by this language to protect the city and its taxpayers against any and all liabilities *arising upon contract*, until the same should be provided for in the mode prescribed by the act itself. The language of the statute is plain, and clearly mandatory. Full effect must therefore be given to the legislative intent thus expressed. *The People ex rel. Seeley v. May*, 9 Colo. 80.

The district court did not err in sustaining the demurrer to the complaint. Its judgment must accordingly be affirmed.

*Affirmed.*