CASE 70.—ACTION BY S. E. ALLEN AGAINST FLOYD COUN-
TY.—March 16, 1910.

## Floyd County v. Allen

Appeal from Floyd Circuit Court.

D. W. GARDINER, Judge.

Judgment for plaintiff, defendant appeals.—Re-
versed.

1. Highways—Repair—Contracts—Liability. — Where plaintiff
   performed work and furnished material in the repair of a
   county road merely at the request of a county judge and a
   justice of the peace, who had nothing to do with the work
   and had no authority from the fiscal court whose duty it is to
   manage such affairs, he cannot recover from the county there-
   for, although the county did not object to the work and
   reaped the benefit.
2. Highways—Contracts—Construction and Operation.—Where
   a party without authority performed work and furnished
   material in repair of a county road, the county could not
   refuse to pay him therefor, and also refuse to allow him to
   remove the material used, provided this could be done without
   leaving the road in a worse condition than it was before, and,
   where it did so, it should pay him the reasonable market
   value of the material at the place it was situated when they
   refused to allow him to remove it.

A. J. MAY for appellant.

W. H. MAY for appellee.

OPINION OF THE COURT BY JUDGE NUNN—Reversing.

In the month of October, 1907, appellee presented
a claim of $381.25 against Floyd county to the fiscal
court of that county, and asked that it be allowed.
The claim was for material and labor furnished by

appellee in making a floorway, or bridge, along a public highway in that county, near the mouth of Katy Friend branch. The fiscal court heard the evidence and allowed him $50 of his claim, but refused to allow the remainder. Appellee refused to accept that amount in satisfaction of his claim, and filed his suit to recover the whole amount. He does not pretend that he was ordered or directed by the fiscal court of Floyd county to make the improvement in the road at the place named, but claims that the county judge and one of the justices of the peace of the county requested him to make it, and that he, in good faith, made the improvement, believing that the county judge and justice of the peace had the legal authority to contract with him with reference thereto. A trial in the circuit court resulted in a verdict in behalf of appellee for the sum of $300, credited by the $50 allowed him by the fiscal court. The county appeals from the judgment rendered upon that verdict.

Similar questions have been repeatedly presented to the court, and it has been invariably held that a county cannot be obligated to pay a debt, except when the statutes are substantially complied with in creating the obligation. The fiscal court never met or acted as a court with reference to appellee's claim before it was presented; and, when it did meet and act, it allowed him, as before stated, only $50. The testimony shows that the county judge prior to the making of the improvement went to the place improved and the home of appellee and advised and requested him to make the improvement, and that the justice of the peace in that district also requested it. It is also insisted for appellee that the county should be compelled to pay him the claim for the reason that

it made no objection to the work as it progressed and it reaped the benefits of his expenditure and labor. This presents a very equitable view in his behalf, and would prevail against an individual or private corporation, but the consequences would be disastrous to hold that it should apply to the state or county. To permit the citizen to select his own time, place, and manner, even with the advice and consent of one or two of the officials, in which to furnish material and labor for needed repairs or improvements on a public highway of the county and hold the county responsible for the price charged, upon the ground that it had been benefited thereby, would be ruinous to the county and have the effect to supersede the powers of the fiscal court whose duty it is under the law to manage such affairs. The case of Perry County v. Engle, 116 Ky. 594, 76 S. W. 382, 25 Ky. Law Rep. 813, is conclusive of the case at bar. In that case the county court made an order directing a commissioner to let a contract for the improvement of a public highway. The commissioner let it to the highest and best bidder and reported his acts to the county court, and it was held his acts were void for the reason that the county court had no right to incur a liability for the improvement of public highways; that such duty was assigned to the fiscal court by the statutes. In the case at bar there was no action of the county court. The judge and a justice of the peace acted privately in the matter. In the case referred to the court said: ''By section 4306, Ky. St. 1899, the fiscal courts of the counties are given general charge and supervision of the public roads and bridges. The county court has no authority to let contracts concerning the repairs of public roads. Its jurisdiction is confined to laying the county off

into road precincts, and allotting hands to work the
roads, and appointing overseers. Sections 4309,
4310, Id. It may order new roads to be opened, or
the routes of old ones changed. Section 4289, Id.
But no authority is conferred upon it to incur any
liability on behalf of the county, except the fixing of
the amount of compensation to the landowners whose
land is taken for the new road. In case of an emer-
gency only can the county judge contract for the re-
pair of a bridge owned and kept up by the county.
Section 4345, Id. Section 4339, Ky. St. 1899, governs
the cutting down of hills upon public roads by con-
tract. It provides that the road supervisor, upon
the order of the county judge, may let the work to
the lowest and best bidder. The section concludes:
'If there be no supervisor, the fiscal court may order
such work done in the manner provided in this sec-
tion by the county judge or a commissioner appointed
by it.' It is not claimed that the fiscal court of Perry
county ordered this work done at all. The county
judge had no authority to contract for the work on
behalf of the county, except under the order of the
fiscal court. The action of the county court in ap-
pointing the commissioner, as well as the act of the
commissioner in letting the work to appellee, was
void, being in excess of the jurisdiction of the county
court. Appellee is required to take notice of the law.
He is bound at his peril to know the extent of the
authority of an agent of the county in contracting
with him. All persons must take notice that a coun-
ty can contract only in the manner and by the person
and for the purpose expressly provided by the stat-
ute.'' It is not pretended that the expenditure in the
case at bar was incurred in an emergency for the re-
pair of a bridge owned and kept up by the county;

nor is it claimed that the roads in Floyd county are worked by taxation under the control of a supervisor as contemplated by the statutes; nor that the fiscal court had any part or parcel in the improvement of the highway for which the expenditure made by appellee was incurred.

It appears in this case, however, that appellee, when the fiscal court refused to allow his claim, proposed to take the material used by him in the construction of the bridge out of the road and apply it to his individual use, and the fiscal court refused him this privilege and threatened to have him prosecuted if he did so. This was wrong. While appellee, under the statutes as construed, could not enforce his claim against the county, it had no right to refuse to pay him for it and hold the material furnished by appellee. He should have been permitted to remove the material if he could have done so without leaving the road in a worse condition than he found it when he undertook to repair it; and, as he was refused permission to take it, the county should pay him the reasonable market value of the material at the place it was situated at the time the fiscal court refused to allow him to take it, provided the material could have been removed and left the road in as good condition as when placed in the road. This equitable rule should be and is applied in all cases where a party in good faith, as appellee did in this case, furnish material and erect an improvement on the property of another without authority.

For these reasons, the judgment of the lower court is reversed and remanded for further proceedings consistent herewith.