No. 13,265.

McNICHOLS, AUDITOR *v*. PEOPLE EX REL. HERSHEY.
(22 P. [2d] 131)

Decided May 1, 1933. Rehearing denied May 15, 1933.

Mr. James D. Parriott, Mr. Frank L. Hays, for plaintiff in error.

Mr. Horace N. Hawkins, Mr. Horace N. Hawkins, Jr., for defendant in error.

*In Department.*

Mr. Justice Butler delivered the opinion of the court.

The district court awarded the relator, Harold R. Hershey, a peremptory writ of mandamus, directing William H. McNichols, as auditor of the City and County of Denver, to audit the relator's claim against that municipality. It is said that the court erred in doing so.

The case was here before. The trial court had sustained a demurrer to the alternative writ and dismissed the action. The judgment was reversed, with the direction to the trial court to overrule the demurrer. *People ex rel. Hershey v. McNichols*, 91 Colo. 141, 13 P. (2d) 266. In compliance with the direction, the demurrer was overruled, whereupon the respondent answered, a demurrer to the answer was sustained, the respondent stood on his answer, and the alternative writ was made peremptory.

Hershey claims to be local registrar of vital statistics for the Denver district and entitled to the compensation attached to that office. For a better understanding of the controversy, this opinion should be read in connection with the opinion in 91 Colo. 141.

Hershey claims by appointment under the act relating to vital statistics (S. L. 1907, c. 112, C. L. c. 29), the pro-

visions of which, so far as pertinent, are set out in the former opinion. That act vests in the state board of health the power to appoint a local registrar of vital statistics for each registration district. It provides, however: "That in cities * * * where health officers, or secretaries of local boards of health, or other officials, at the date of this act, are officiating as registrars of births and deaths under local ordinances, which [such] officers shall be continued as registrars in and for such cities, * * * but shall be subject to the rules and regulations of the state registrar, and to all the provisions of this act."

From the answer it appears that at the time the act of 1907 became effective, a municipal officer known as the commissioner of health was officiating as registrar of births and deaths in Denver under an ordinance adopted in 1875. The name of the officer is not given. In 1916 the Denver charter was amended, and since then a municipal officer known as the manager of health and charity has officiated as registrar, acting, it is said, under the ordinance of 1875. How many persons successively occupied that office is not stated; but it is evident that the personnel changed from time to time, and that the term of office of the person who acted as registrar when the act of 1907 became effective, whether he claimed under the ordinance or the statute, expired long prior to September 29, 1929, when the state board of health appointed Hershey local registrar of vital statistics for the Denver district.

It was the purpose of the act of 1907 to place the state system of registration of births and deaths in charge of the state board of health, with power to appoint local registrars for all registration districts in the state. It was known, however, that in some districts there were officials who, at the time the act became effective, were officiating under local ordinances as registrars of births and deaths, and the act provided that those officials should be continued as registrars, subject, however, to the provisions of the act. Section 4 of the act fixes

the term of office of local registrars at two years, ''beginning with the first day of January, 1908.''

The Denver official who, under the Denver ordinance, was officiating as registrar of births and deaths when the act of 1907 went into effect was continued as registrar, but as such he ceased to be a municipal officer and became an officer of the Denver registration district, a state agency created by the Legislature and charged with the administration of governmental duties. *People, ex rel. Hershey v. McNichols, supra.* So far as the local registrar of vital statistics is concerned, the ordinance was superseded by the statute. Under that statute, such local registrar's term of office was two years, commencing January 1, 1908. At the expiration of his term, the power to appoint his successor resided in the state board of health. The board's neglect to perform its duty in that regard until September 29, 1929, when it appointed Hershey, did not deprive the board of its statutory power, or relieve it of the necessity of performing a plain statutory duty. Hershey is entitled to an audit of his claim.

The judgment is affirmed.

MR. CHIEF JUSTICE ADAMS and MR. JUSTICE MOORE concur.