No. 16,047.

TENNEY v. CITY AND COUNTY OF DENVER ET AL.
(203 P. [2d] 504)

Decided January 31, 1949. Rehearing denied February 28, 1949.

264

Mr. ROBERT E. HOLLAND, Mr. GEORGE J. STEMMLER, for plaintiff in error.

Mr. J. GLENN DONALDSON, Mr. ABE L. HOFFMAN, for defendants in error.

*En Banc.*

MR. JUSTICE HAYS delivered the opinion of the court.

THIS action was brought by Dennis Tenney, a resident and taxpayer, against City and County of Denver, a municipal corporation existing under the provisions of Article XX of the state Constitution, and its officers, to enjoin the payment of a claim in the sum of $983.64, against the city on account of expenses incurred in moving the family and household goods of Lewis Dodson, the Director of Environmental Sanitation Division, from Ann Arbor, Michigan, to Denver.

A motion to dismiss the petition was filed on behalf of defendants, and after the taking of testimony in support of such motion, the same was sustained by the trial court and judgment of dismissal duly entered. Plaintiff.

in error brings the cause here by writ of error, asking us to reverse the judgment.

The essential facts are not in dispute. The pertinent portion of Dodson's testimony relative to his appointment is as follows: "Q. Was it finally agreed between yourself and Dr. Florio and Dr. Kauvar that your compensation was to be your moving expenses to Denver and $7,800 per year? A. That is right, the understanding—that was the understanding, but that I would come for $7,800 if they would move me and if I stayed more than one year, of course, I expected more money, more compensation."

The above constitutes the alleged contract of employment. Plaintiff asserts that the city is not liable for the payment of such expenses, while defendants contend that the city is obligated to pay said claim as incidental expenses under a clause in the annual appropriation ordinance, which, after appropriating certain money to the health department, provides: "This appropriation includes all expenses incidental to the operation of this division and shall be paid out upon the order of the Manager of Health and Charity."

We need only to refer to the organic law of the city for a proper solution of the question here involved. Section 220 of the charter provides that in all departments of the city other than the fire and police departments: "The mayor or the head responsible for the administration of the department, or office, shall make the appointments and dismissals. Provided, however, that the civil service commission shall examine all persons so appointed (except heads of departments and of offices, chief deputies, the attorney's professional assistants, and laborers) as to their qualifications to perform the duties for which they are appointed, and whenever any such appointee is found incompetent by said civil service commission, such appointment shall thereafter be void."

It will be noted that the above quoted section, while making provision for appointments and dismissals, vests

in the appointing authority no power to fix compensation.

Section 317 of the charter designates the officers of City and County of Denver, and fixes their respective salaries. The Director of Environmental Sanitation is not mentioned therein. Section 315 provides: "All persons in the employ of the city and county, or any of the departments thereof, whose salaries or compensation are not fixed in this charter amendment, are hereby declared to be employees, and shall be appointed by the mayor or department head, and their compensation shall be fixed by ordinance, except that this provision shall not apply to the appointing or compensation of the employees of the public utilities commission, nor to the appointing of the employees of the auditor, civil service commission and election commission."

It is obvious from the foregoing that Dodson is an employee, and not an officer of the city within the purview of the charter provisions, and that his "compensation shall be fixed by ordinance," and not by the appointing authority. According to Dodson's testimony, upon which defendants rely and not here questioned, the moving expenses above mentioned were considered a part of his compensation. It is conceded that such compensation was not fixed by ordinance as required by the charter, and as a necessary result the same cannot properly be made the basis of a valid claim against the city.

Even if such expenses are not considered a part of his compensation, claimant is not entitled to recover upon his claim by reason of section 204 of the charter, which provides: "Neither the council nor any officer shall have authority to make any contract or do anything binding on, nor impose upon the city and county any liability to pay money, until a definite amount of money shall have been appropriated for the liquidation of all pecuniary liability of the city and county under such contract, or in consequence thereof. Such contract

shall be ab initio null and void, as to the city and county for any other or further liability; * * * "

 Dodson cannot justly complain of the above disposition of his claim, since all persons dealing with public officials are charged with full knowledge of their limitations. When claimant entered into the arrangement hereinabove set out concerning his moving expenses, he had constructive knowledge that the persons who appointed him were vested with no authority to fix his compensation, and that this power was vested exclusively in the city council.

 The fact that the appointing authority has, upon other occasions, usurped the power of the council in fixing salaries; that the council has attempted to delegate its authority to fix salaries of employees in budget ordinances or otherwise acquiesced therein; or that the civil service commission has failed in the past to examine employees as to their qualifications to perform their duties under section 220 of the charter, cannot have the effect of nullifying the charter provisions here involved or in any manner bring about their repeal or otherwise relieve such agencies from the necessity of performing their statutory duties. *McNichols v. People ex rel.*, 92 Colo. 469, 22 P. (2d) 131.

The judgment of the trial court is reversed and the cause remanded with instructions to enter judgment in accordance with the views herein expressed.

MR. JUSTICE STONE and MR. JUSTICE HOLLAND not participating.