No. 20,103.

CITY OF ENGLEWOOD *v.* RIPPLE & HOWE, INC.
(374 P. [2d] 360)

Decided July 23, 1962.   Rehearing denied September 17, 1962.

Mr. JOSEPH W. ESCH, Mr. WILLIAM E. MYRICK, for plaintiff in error.

Mr. KENNETH A. SELBY, for defendant in error.

*In Department.*

Opinion by MR. JUSTICE HALL.

THE parties appear here in inverse order of their appearance in the trial court. We shall refer to the plaintiff in error as the "City" and to the defendant in error as the "Company."

The company commenced this action to obtain a judgment against the city for $12,052.22, which it claimed was due to it under a contract alleged to have been entered into by the parties on July 26, 1955, which contract provided that the company make a complete detailed master study for a city storm sewer system. The company made a preliminary report to the city in 1955 and was paid $3000.00. On July 20, 1959, the company, having completed its work, presented to the city a bill for an alleged balance due on the contract for the amount demanded in this action.

For answer, the city, among other defenses, alleged that at no time was the item demanded by the company included in any budget of the city; neither was an appropriation made therefor prior to the execution of the contract, or at any other time.

Trial was to the court at the conclusion of which judgment in favor of the company in the sum of $10,599.12 and interest was entered. The city is here by writ of error seeking reversal.

It is undisputed that at the time of the execution of the agreement on which the company relies the city budget did not include an appropriation for a study such as that provided in the contract, although the city council had informally "ear-marked" the sum of $3000.00 from nonappropriated surplus funds to pay for the report.

The following sections of C.R.S. '53 are controlling in the instant case:

"88-1-12. *Appropriating ordinances.* — Before the beginning of the fiscal year, the governing body shall enact an ordinance or resolution making appropriations for the ensuing fiscal year. The amounts appropriated for the several offices, departments, boards, commissions and other spending agencies shall not exceed the amounts therefor fixed in the budget adopted by the governing body. The income of the local government, as estimated in the budget and as provided for by the tax levy ordinance or resolution and other revenue and borrowing resolutions or ordinances, shall be allocated in the amounts and according to the funds specified in the budget for the purpose of meeting the expenditures authorized by the appropriation ordinance or resolution. Nothing contained in this section shall be construed to prohibit the governing body making an appropriation to and for a contingent fund to be used only in cases of emergency.

"88-1-14. *No contract to exceed appropriation.* — During the fiscal year, no officer, department, board, commission or other spending agency shall expend or contract to expend any money, or incur any liability. or enter into any contract which, by its terms, involves the expenditure of money for any of the purposes for which provision is made in the appropriation ordinance or resolution in excess of the amounts appropriated in said ordinance or resolution for such officer, department, board, commission, or other expending agency, or purpose, for such fiscal year. Any contract, verbal or written, made in violation of this section shall be void as to the local government, and no moneys belonging thereto shall be paid thereon. Nothing contained in this section shall prevent the making of contracts for governmental services or for capital outlay for a period exceeding one year in first class school districts or if same be allowed otherwise by law. Any contract so made shall

be executory only for the amounts agreed to be paid for such services to be rendered in succeeding fiscal years.

"88-1-15.  *Contingencies.* — In cases of emergency caused by act of God or the public enemy or some contingency which could not have been reasonably foreseen at the time of adoption of the budget, the governing body of such local government may authorize the expenditure of funds in excess of such budget, by ordinance or resolution duly adopted by a two-thirds vote of such governing body.  Such resolution shall set forth in full the facts concerning such emergency and shall be spread at length in the minutes of the meeting of such governing body at which such ordinance or resolution was adopted.  A certified copy of such ordinance or resolution shall be filed with the state tax commission and in case of third class school districts with the county superintendent of schools.  Said ordinance or resolution shall be published in full one time in a newspaper having general circulation within the limits of such governmental subdivision.  Any local governmental unit whose budget is ten thousand dollars or less, shall post copies of such ordinance or resolution in three public places within the limits of such governmental subdivision instead of such publication."

Englewood, now a home rule city, was at the time of the making of the alleged contract a city incorporated under the General Laws of the State of Colorado, and its powers and duties were as therein defined.

■ C.R.S. '53, 139-38-1, provides that the governing body of each city or town shall, each fiscal year, enact an ordinance "to be termed the annual appropriation bill" which must contain a statement of the sum of money "deemed necessary to defray all necessary expenses and liabilities," and which ordinance shall specify the objects and purposes for which expenditures are to be made.

Once this annual appropriation bill is enacted, no

further appropriation may be made, except upon a vote by the majority of the legal voters in such city or town.

Expenditures may not exceed the amounts appropriated except for "any improvement the necessity of which is caused by any casualty or accident happening *after such annual appropriation is made.*" (Emphasis supplied.) C.R.S. '53, 139-38-2.

C.R.S. '53, 139-38-3 provides:

"No contract shall be hereafter made by the city council or board of trustees, or any committee or member thereof; and no expense shall be incurred by any of the officers or departments of the corporation whether the object of the expenditure shall have been ordered by the city council or board of trustees or not, unless an appropriation shall have been previously made concerning such expense, except as otherwise expressly provided in section 139-38-2."

The provisions of the statute for prior appropriation are mandatory. Contracts with a municipal corporation providing for the expenditure of municipal funds without an appropriation of funds for such purpose (subject to the exceptions noted above) are unenforceable and by the statute referred to declared to be void.

In *Smith Canal or Ditch Co. v. Denver*, 20 Colo. 84, 36 Pac. 844, it was said:

"Persons dealing with a municipal corporation must at their peril take notice, not only of the powers vested in the corporation, but of the mode by which its powers are to be exercised so far as such mode is mandatory. 1 Dillon, Mun. Corp. (4th Ed.) sec. 449.

\* \* \*

" \* \* \* Here we have an express statutory provision incorporated into the charter of the defendant city — a public law of the state — a charter by virtue of which the city exists as a corporation — declaring that the city shall not make any contract, nor do any act binding or imposing upon itself any liability to pay money, as

upon contract, until a definite appropriation is made to meet the requirements or consequences of such contract, and that such contract shall be *null and void as to the city* in the absence of such act of appropriation. It is obvious that the legislature intended by this language to protect the city and its taxpayers against any and all liabilities *arising upon contract*, until the same should be provided for in the mode prescribed by the act itself. * * * ."

In *Sullivan v. City of Leadville*, 11 Colo. 483, 18 Pac. 736, the court used the following language:

" * * * The defendant is prohibited from entering into a contract for grading and macadamizing the streets, unless it has previously made an appropriation for the expense thereby incurred, by the mandatory provisions of sections 3327 and 3328 of the General Statutes; which provide, among other things, that the city council, nor any department of the corporation, shall not add to the corporation expenditures in any one year anything over and above the amount provided for in the annual appropriation bill of that year, and that no contract shall be made by the city council, or any committee or member thereof, unless an appropriation shall have been previously made concerning such expense. * * * ."

More recent cases to the same effect are: *Denver v. Hubbard*, 17 Colo. App. 346, 68 Pac. 993; *Denver v. Hindry*, 40 Colo. 42, 90 Pac. 1028; *Denver v. Bossie*, 83 Colo. 329, 266 Pac. 214, and *Tenney v. Denver*, 119 Colo. 263, 203 P. (2d) 504.

In the instant case counsel for the company contends that the situation confronting the city at the time the contract was made, falls within the exception provided by C.R.S. '53, 139-38-2: " * * * any casualty or accident happening after such annual appropriation * * * ."

We find no merit in this contention. The record does not disclose "any casualty or accident," much less one "happening after such annual appropriation."

The record discloses that there was no prior appro-

priation to cover the company's contract, and its counsel frankly so admits. It is manifest that no casualty or accident occurred which compelled the making of this contract.

■ The alleged indebtedness sued on, not having been previously budgeted and no appropriation having been made therefor by the council of the city prior to the date of entering into the agreement, such agreement under the statutes had no validity.

The judgment is reversed, with directions to the trial court to dismiss the action.

MR. CHIEF JUSTICE DAY and MR. JUSTICE SUTTON concur.