477 P.2d 476 (1970)
SHANNON WATER AND SANITATION DISTRICT, a governmental subdivision of the State of Colorado and body corporate, Plaintiff in Error,
v.
NORRIS AND SONS DRILLING COMPANY, a partnership, Defendant in Error.
No. 70-382, (Supreme Court No. 23569.)
Colorado Court of Appeals, Div. II.
December 1, 1970.
*477 Calkins, Kramer, Grimshaw & Carpenter, Thomas T. Grimshaw, Denver, for plaintiff in error.
Martin, Brotzman, Caplan & Knapple, G. Lane Earnest, Boulder, for defendant in error.
Selected for Official Publication.
PIERCE, Judge.
This case was originally filed in the Supreme Court of the State of Colorado and subsequently transferred to the Court of Appeals under authority vested in the Supreme Court.
Shannon Water & Sanitation District, defendant below, will hereinafter be referred to as the "District;" Norris & Sons Drilling Company, plaintiff below, will be hereinafter referred to as "Norris." The District appeals from a judgment of the trial court, sitting without a jury.
Before discussing the trial court's application of the law to the facts in this case, we first summarize certain pertinent portions of Chapters 88 and 89 of C.R.S. 1963, commonly known as the "Colorado Budget Law":
C.R.S. 1963, 88-1-11 requires that government subdivisions, such as the District, adopt a budget for each fiscal year.
C.R.S. 1963, 88-1-12 requires the governing body of such subdivisions to enact an appropriation resolution for each fiscal year, and further states that the amounts appropriated shall not exceed the amounts established by the budget as adopted.
C.R.S. 1963, 88-1-13 provides that if no appropriation resolution is enacted, then ninety percent of the previous year's appropriations are deemed reappropriated for operation and maintenance purposes.
C.R.S. 1963, 88-1-14 provides that an agency subject to the budget law may not make contracts which involve expenditure of money in excess of amounts appropriated by resolution for that agency; and, further, that any contracts made in violation of this section are void as to the agency involved, and that no moneys belonging thereto shall be paid thereon.
*478 C.R.S. 1963, 89-5-15 requires water district boards of directors to fix rates of tax levy, and to certify such rates to the appropriate Boards of County Commissioners.
The limited record before us indicates that although Shannon Water District failed to adopt either a budget or an appropriation resolution for the fiscal year 1965-1966, it contracted with Norris for certain drilling and installation work to be performed during that year on its properties and facilities. Upon completion of the work, the District refused to pay for the work on the grounds that any payment under the contract would violate C.R.S. 1963, 88-1-14. At trial, the District cited as authority for its stance, City of Englewood v. Ripple & Howe, Inc., 150 Colo. 434, 374 P.2d 360.
The trial court held that City of Englewood, supra, was not applicable to the instant case (although the fact situation was similar) because that case dealt with a contract made by a home rule city, and therefore was a situation controlled by C.R.S. 1963, 139-38-1 and C.R.S. 1963, 139-38-3, which apply only to municipalities and which absolutely prohibit payment where no appropriation has been made. We agree with the court's interpretation of City of Englewood, supra; for, while the Supreme Court did state that the statutes now before us in the instant case were involved in that case, it is clear that its decision in that case turned on Chapter 139, rather than on Chapter 88.
The trial court then held that since the District had complied with C.R.S. 1963, 89-5-15, by determining a rate of tax levy and certifying that rate to the county commissioners, it had, in effect, cured its failure to adopt a budget and to pass an appropriation resolution and therefore had not violated C.R.S. 1963, 88-1-14. The court then awarded Norris damages, interest and costs. The District appeals.
During the appeal procedures, the transcript was stricken. The record before us contains only the pleadings, the various contracts and documents admitted as exhibits at the trial, and the findings and judgment of the trial court.
We do not agree with the trial court's conclusion that certification of the tax levy to the Board of County Commissioners corrected the District's failure to adopt a budget and pass an appropriation resolution.
C.R.S. 1963, 88-1-14 states as follows:
"During the fiscal year, no * * * spending agency shall expend or contract to expend any money, or incur any liability, or enter into any contract which, by its terms, involves the expenditure of money for any of the purposes for which provision is made in the appropriation ordinance or resolution in excess of the amounts appropriated in said ordinance or resolution * * * for such fiscal year. Any contract, verbal or written, made in violation of this section shall be void as to the local government, and no moneys belonging thereto shall be paid thereon." [Emphasis added.]
The only logical interpretation of this provision is that since there is an absolute prohibition against spending in excess of an appropriation, there can be no sum spent when there is no appropriation. While application of this statute to the facts in the instant case may have harsh results, the statute is, nevertheless, binding upon us. Its purpose is to protect the taxpayer against improvident use of tax revenue, to encourage citizen participation and debate prior to the institution of public projects, to insure public disclosure of proposed spending, and to encourage prudence and thrift by those elected to direct expenditure of public funds. Accordingly, it, in conjunction with certain other provisions of the budget law, requires that certain formalities, such as public hearings and formal adoption of budgets, be complied with before public funds can be spent.
*479 However, C.R.S. 1963, 88-1-14 is not fully determinative of the situation before us.
The trial court, in its order, referred to C.R.S. 1963, 88-1-13, which provides:
"If at the termination of any fiscal year, the appropriations necessary for the support of the local government for the ensuing fiscal year shall not have been made, then ninety per cent of the several amounts appropriated in the last appropriation ordinance or resolution for the objects and purposes therein specified, so far as the same shall relate to the operation and maintenance expenses, shall be deemed to be reappropriated for the several objects and purposes specified in said last appropriation ordinance or resolution." [Emphasis added.]
This provision was designed to insure that various governmental subdivisions regulated by the budget law would not collapse through failure to adopt a budget or to appropriate moneys. Under it, subdivisions failing to budget or appropriate are at least allowed to maintain themselves and to carry out essential functions of public service until such time as a proper budget is adopted and appropriations made. It does not, however, permit initiation of new projects or capital expenditures.
Although the court referred to this section in its order, it made no findings on the nature of the items covered under the contract between Norris and the District, and on whether or not they related to operation and maintenance, within the purview of C.R.S. 1963, 88-1-13; nor can we determine this from our perusal of the contract. Such a determination should be made by the trial court. Greathouse v. Jones, 158 Colo. 516, 408 P.2d 439; Frankfort Oil Co. v. Abrams, 159 Colo. 535, 413 P.2d 190.
We therefore reverse the decision of the trial court and remand the matter for a determination, by additional testimony if necessary, on the issue of whether or not the various items shown in the contracts between the parties relate to operation and maintenance expense and, if so, for a determination of damages.
DWYER and ENOCH, JJ., concur.