### No. C-691

**Normandy Estates Metropolitan Recreation District, a quasi-municipal corporation of the State of Colorado v. Normandy Estates Limited, a Colorado corporation**

(553 P.2d 386)

Decided July 19, 1976.                    Rehearing denied September 7, 1976.

Calkins, Kramer, Grimshaw & Harring, Richard L. Harring, for petitioner.

Haskell and Crandell, Ralph E. Crandell, for respondent.

*En Banc.*

MR. JUSTICE LEE delivered the opinion of the Court.

We granted certiorari to review the decision of the court of appeals in *Normandy Est. Met. Dist. v. Normandy Est., Ltd.*, 35 Colo. App. 341, 534 P.2d 805. For the reasons set forth in this opinion, the judgment is modified.

The facts, which are not in substantial dispute, are set forth in detail in the opinion of the court of appeals. The record shows that in August 1959 the electors of the Normandy Estates Metropolitan Recreation District (the district) approved a bond issue in the amount of $120,000 for the

purpose of purchasing or constructing recreational facilities. No other election to create an indebtedness or to ratify the subsequent action of the district's board was held. In May of 1960, the district entered into a written agreement with Normandy Estates, Ltd. (Normandy), whereby the district agreed to purchase a swimming pool and other improvements previously installed by Normandy on four acres of land owned by an officer of Normandy. In conjunction with this agreement, the district entered into a lease with the officer-landowner. Some time thereafter, title to the tract was conveyed to Normandy.

By November 1961, the district had paid $36,400 toward the acquisition of the recreational facilities. In February 1962, the directors of the district decided to purchase the facilities. A written agreement was executed by the parties (rescinding the prior purchase and lease agreement) with Normandy now agreeing to convey the tract to the district in consideration for the district's agreement to acquire the recreational facilities for a total purchase price of $88,009.60.

The new agreement recited prior payments by the district ($36,400), leaving a balance due of $51,609.60 on the purchase price. The balance was represented by two promissory notes secured by a deed of trust. The first note was for $21,782.92, with interest at seven percent per annum; the second, for $29,826.68, was not interest-bearing unless it remained unpaid on its due date. The directors authorized payment of the interest-bearing note, having received approximately $30,000 from the sale of additional bonds.

When, however, the non-interest-bearing note came due in 1972, the district refused payment on the basis that the indebtedness was void because of the district's own failure to comply with 1960 Perm. Supp., C.R.S. '53, 89-12-25(1), [1] in effect at the time the revised agreement was executed. This statute in essence prohibits a district from incurring indebtedness to acquire recreational facilities in excess of 1-1/2% of the valuation for assessment of the district, and in no case in excess of $15,000, without first submitting the issue to the eligible electors of the district for their approval.

Upon the district's refusal to make payment, Normandy initiated, in August of 1973, foreclosure proceedings on the deed of trust. The district then filed this action to enjoin foreclosure, to have the notes and deed of trust declared void, and to recover the amount paid in satisfaction of the first note. Normandy answered, contending that the indebtedness was valid, and that even if not valid, judgment should be entered in its favor for the balance due, on the theory of equitable estoppel or unjust enrichment.

---

[1] Now section 32-2-125(1), C.R.S. 1973.

Meanwhile, the court refused to issue a temporary restraining order against the foreclosure action. The public trustee held a public auction on October 16, 1973, at which Normandy purchased the property.

The trial court, on April 11, 1974, entered an order finding the note and deed of trust void because of the district's failure to comply with section 89-12-25(1). The correctness of this ruling was not questioned on appeal. The court further found that all the parties were acting in good faith at the time of the transaction. The court nevertheless entered judgment in the amount of $33,704.14 on the counterclaim (the balance of the purchase price, plus interest), and set aside the foreclosure, on the theory that it would be grossly unjust to do otherwise. The district appealed this judgment to the court of appeals, and that court affirmed.

The court of appeals agreed that the contract with the district was void for the reason that the district failed to comply with statutory requirements. The court held, however, that where, as here, the municipality had received specific property under the invalid contract, the contract will not be enforced but that there may be a remedy in the nature of rescission, depending upon the situation of the parties, relying upon the rationale of *Chapman v. County of Douglas*, 107 U.S. 348, 2 S.Ct. 62, 27 L.Ed. 378. The court of appeals held that under the facts here, where improvements had been added by the district and the property had substantially increased in value, it would be inequitable to penalize the district by permitting rescission. The court then required the district to pay to Normandy the balance due on the purchase contract, with statutory interest.

I.

As set forth above, the facts of this case involve a private corporation which in good faith entered into a contract with a metropolitan district for the purchase and sale of land and recreational facilities — a contract which the district had authority to enter but which was invalid for failure to obtain the approval of the eligible electors of the district. The question we must decide is whether one who under the foregoing circumstances contracts with a municipal entity may successfully invoke equitable relief when the municipality refuses either to perform the contract or to return to the plaintiff the consideration it has received.

This court has long adhered to the rule of law which has prohibited recovery under such circumstances. In *Englewood v. Ripple & Howe*, 150 Colo. 434, 374 P.2d 360, for example, the court, quoting *Smith Canal Co. v. Denver*, 20 Colo. 84, 36 P. 844, stated:
"Persons dealing with a municipal corporation must at their peril take notice, not only of the powers vested in the corporation, but of the mode by which its powers are to be exercised. * * *"

Similarly, where a municipality had failed to follow proper procedures, all recovery, including *quantum meruit*, was denied. *Denver v. Moorman*, 95 Colo. 111, 33 P.2d 749. *See also Big Sandy Sch. Dist. v.*

*Carroll*, 164 Colo. 173, 433 P.2d 325; *Swedlund v. Denver Bank*, 108 Colo. 400, 118 P.2d 460; *School District v. Pomponi*, 79 Colo. 658, 247 P. 1056; *Sullivan v. City of Leadville*, 11 Colo. 483, 18 P. 736; *Town of Durango v. Pennington*, 8 Colo. 257, 7 P. 14. The rationale of these decisions is simply that a party dealing with a municipal corporation is bound to see to it that all mandatory provisions of the law are complied with, and if he neglects such precaution he becomes a mere volunteer, and must suffer the consequences.

These cases admittedly produced "harsh" results, in the sense that parties who in good faith performed what they had supposed to be obligations under a valid contract were denied recovery because of matters beyond their knowledge. Yet, individual inequities notwithstanding, these results were deemed justified on the basis of the protection of taxpayers against improper expenditures of tax moneys by public officials. As stated in *Shannon Water v. Norris*, 29 Colo. App. 48, 477 P.2d 476, the purpose

"* * * is to protect the taxpayer against improvident use of tax revenue, * * * to insure public disclosure of proposed spending, and to encourage prudence and thrift by those elected to direct expenditure of public funds. * * *"

## II.

We have concluded that the application of the rule enunciated in these cases is unduly harsh and inequitable under the facts of this case. We hereby adopt what appears to be the prevailing rule: that where property is furnished to a municipal corporation under an unenforceable contract, and the municipality has not paid for the property, then the seller or person supplying the property may, upon equitable terms, recover it *in specie. See* 10 *E. McQuillin, Municipal Corporations* § § 29.111a, 29.127 and 29.131; 56 Am. Jur. 2d *Municipal Corporations* § 513; *Annot.*, 93 A.L.R. 441, and cases therein collated. We concur with the view stated in *Marsh v. Fulton County*, 77 U.S. (10 Wall.) 676, 19 L.Ed. 1040, and approved in *Chapman v. County of Douglas*, 107 U.S. 348, 2 S.Ct. 62, 27 L.Ed. 378:

"* * * The obligation to do justice rests upon all persons, natural and artificial, and if a county obtains the money or property of others without authority, the law, independent of any statute, will compel restitution or compensation. * * *"

Apt applications of the rule may be found in *Ballard's Estate v. Clay County*, 355 S.W.2d 894 (Mo. 1962); *Wichita Finance & Thrift Company v. City of Lawton*, 131 F. Supp. 788 (W. D. Okla. 1955), *aff'd per curiam*, 240 F.2d 600 (10th Cir. 1957); *Hayward v. City of Corpus Christi*, 195 S.W.2d 995 (Tex. Civ. App. 1946); *Busch-Sulzer Bros.-Diesel Engine Co. v. City of Walters*, 133 F.2d 65 (10th Cir. 1943); *Fairbanks, Morse & Co. v. City of Wagoner*, 86 F.2d 288 (10th Cir.

1936); *Shaw v. Board of Education*, 38 N.M. 298, 31 P.2d 993, 93 A.L.R. 432; *Floyd County v. Allen*, 137 Ky. 575, 126 S.W. 124.

In *Fairbanks, Morse & Co. v. City of Wagoner, supra*, for example, the city entered into what turned out to be an ultra vires contract with the plaintiff for materials to construct a power plant. The city refused to make payments and raised the ultra vires nature of the contract as a defense when sued thereon. The court, relying in part on the *Chapman* case, *supra*, held that under these conditions the city should not be permitted to retain the property and yet deny its liability on the contract; if it insists that the contract is ultra vires, it must make restitution or render an equivalent therefor.

■ Under the circumstances here, it would be grossly inequitable to permit the district to continue to enjoy the benefits of the contract without fully compensating Normandy. We therefore specifically overrule our previous decisions, insofar as they are inconsistent with the equitable principles we believe should prevail in such cases.

We note, however, that the recovery authorized by this decision is a limited one. The party dealing with the municipal entity must have acted in good faith (*Hayward v. City of Corpus Christi, supra*), and the contract must be one not positively condemned by law, as distinguished from one which is merely invalid because of want of power to contract or because statutory procedure was not followed in its making (*Shaw v. Board of Education, supra*). We hold, further, that there can be no recovery where the property is no longer in existence or identifiable (*cf. Litchfield v. Ballou*, 114 U.S. 190, 5 S.Ct. 820, 29 L.Ed. 132; *Bardwell v. Southern Engine & Boiler Works*, 130 Ky. 222, 113 S.W. 97), or where it cannot be restored to the plaintiff without serious damage to other property of the municipality (*Floyd County v. Allen, supra*).

■ The trial court entered judgment for the unpaid balance of the purchase price, and the court of appeals affirmed. We believe, however, that under the particular facts of this case the proper remedy would have been to grant to the district the option either to pay the balance, with interest, or to return the property and facilities in question to Normandy upon return to it by Normandy of the moneys paid on the purchase price, plus interest. *See Busch-Sulzer Bros.-Diesel Engine Co. v. City of Walters, supra*.

The judgment of the court of appeals is modified accordingly, and the cause is returned to that court with directions to remand to the district court for further proceedings consonant with the views herein expressed.

MR. CHIEF JUSTICE PRINGLE and MR. JUSTICE GROVES do not participate.