Joseph L. MEYER and Susan Opal
Meyer, Plaintiffs,

v.

BUFFALO PARK DEVELOPMENT CO.,
a Colorado corporation; Mountain Land
Realty Company; Victor W. Norman;
Ronald P. Lewis, Defendants and Third-
Party Plaintiffs-Appellants,

and

FORT COLLINS FIRST INDUSTRIAL
BANK; and Public Trustee of the Coun-
ty of Boulder, Colorado, Defendants,

v.

The BOARD OF COUNTY COMMISSION-
ERS OF the COUNTY OF BOULDER,
State of Colorado, Third-Party Defend-
ant-Appellee.

No. 79CA0512.

Colorado Court of Appeals,
Division I.

Feb. 7, 1980.

Tallmadge, Tallmadge, Wallace & Hahn,
P.C., Jo Ann Weinstein, Edward J. Walsh,
Denver, for third-party plaintiffs-appel-
lants.

Joseph C. French, Allan C. Beezley, Den-
ver, for third-party defendant-appellee.

COYTE, Judge.

The motion of the Board of County Commissioners of the County of Boulder (the "Board") to dismiss defendants' third-party complaint against it, or in the alternative, its motion for summary judgment, was granted. Defendant-third-party plaintiff appeals that decision. We affirm.

Through the services of Mountain Land Realty Co., plaintiffs purchased certain real estate which was owned by Buffalo Park Development Company. Plaintiffs filed a complaint alleging that misrepresentation had been made in the sale of the property concerning the status of subdividing and that building permits would be granted. However, their claims against the seller and the realty company were settled by stipulation. Buffalo Park Development Company, Mountain Land Realty Company, Victor W. Norman, and Ronald P. Lewis (collectively, "Buffalo Park") filed a third-party complaint against the Board.

■ Buffalo Park first alleges that the Board is estopped to deny subdivision approval. As a basis for this estoppel, it alleges that over the course of the relationship between the Boulder County Planning Commission and Buffalo Park, the Planning Commission repeatedly requested that Buffalo Park prove that it could meet certain conditions set out by the Planning Commission. It further asserts that the Planning Commission requested numerous changes in the concept of the subdivision in order that a favorable ruling on the subdivision might be forthcoming, and it maintains that it complied with all such requests of the Planning Commission. We find no estoppel.

Buffalo Park concedes that there was no express agreement between the parties but nevertheless asserts that the doctrine of promissory estoppel is applicable because the Board and the Planning Commission should not be permitted to confer, negotiate, and work with a subdivision developer in a continuing relationship and then finally deny him permission to develop the subdivision. We disagree.

To hold so would usurp the discretionary functions of the Board and the Planning Commission. *See Ford Leasing Development Co. v. Board of County Commissioners*, 186 Colo. 418, 528 P.2d 237 (1974). Thus, as a matter of law, it was not within the power of the Board or the Planning Commission to act in such a way as to promise future approval of Buffalo Park's subdivision approval request.

■ Moreover, Buffalo Park could not have prevailed even if it were to show an ultra vires agreement with the Board since such an agreement cannot be enforced against county or municipal entities. *See Normandy Estates Metropolitan Recreation District v. Normandy Estates, Ltd.*, 191 Colo. 292, 553 P.2d 386 (1976); *People ex rel. Mine Owners' Ass'n v. White*, 81 Colo. 315, 255 P. 453 (1927). Hence, the trial court correctly ruled that, as a matter of law, Buffalo Park could not show that the Board was estopped to deny subdivision approval.

■ Second, Buffalo Park contends that the Board abused its discretion in denying Buffalo Park's subdivision approval request. Again, we disagree.

The record reveals that the Planning Commission reported to the Board that the proposed subdivision would be an over-intensive use of the land contrary to the health, safety, and welfare of the citizens of the county and that the developer had not provided the necessary engineering data regarding roads leading into the subdivision. This report was based on evidence, gathered by the Planning Commission, of extremely steep slopes in the area of the planned subdivision, inability for road construction to meet minimum standards of Boulder County, inadequate primary access, and dubious secondary access.

Accordingly, since there was competent evidence before the Board which supported the denial of the requested subdivision approval, there was no abuse of discretion. *See Ford Leasing Development Co. v. Board of County Commissioners, supra.*

■ Finally, Buffalo Park contends that the Board should indemnify Buffalo Park for the amount of the settlement between Buffalo Park and the original plaintiff. We disagree. Indemnification is not available to Buffalo Park because, as we held above, there was no duty owed to Buffalo Park on the part of the Board to approve the subdivision. *Ringsby Truck Lines, Inc. v. Bradfield*, 193 Colo. 151, 563 P.2d 939 (1977).

Judgment affirmed.

SMITH and KELLY, JJ., concur.