F. J. KENT CORPORATION, a Colorado corporation, Plaintiff-Appellant,

v.

The TOWN OF DILLON, a Colorado Municipal corporation, Defendant-Appellee.

No. 81CA0566.

Colorado Court of Appeals, Div. III.

March 11, 1982.

As Modified on Denial of Rehearing April 15, 1982.

Certiorari Denied June 28, 1982.

Fox & Porter, P. C., Maurice F. Fox, Wheat Ridge, for plaintiff-appellant.

Calkins, Kramer, Grimshaw & Harring, Richard L. Harring, Denver, for defendant-appellee.

TURSI, Judge.

In this action for payment of road repair services and materials rendered by plaintiff,

F. J. Kent Corp. to defendant, Town of Dillon, plaintiff appeals the granting of summary judgment to defendant. We affirm.

In July 1980, the parties entered into a contract under which plaintiff was to perform certain street improvements in Dillon. The original contract price was $284,396, later reduced to $276,896. As a result of change orders authorized by defendant, the cost of the work performed exceeded $380,000. Plaintiff was paid approximately $296,000 for the services and materials leaving a claimed balance due of approximately $84,000, and plaintiff instituted this action for the unpaid balance. Defendant denied the claim.

Defendant moved for summary judgment asserting that pursuant to § 29–1–113, C.R.S. 1973 (1981 Cum.Supp.) it was not obligated to pay more than the $150,000 appropriated by it for the contract, and sought reimbursement for the amount paid in excess of the appropriation.

Section 29–1–113 reads:

"During the fiscal year, no officer, department, board, commission, or other spending agency shall expend or contract to expend any money, or incur any liability, or enter into any contract which, by its terms, involves the expenditure of money for any of the purposes for which provision is made in the appropriation ordinance or resolution, including any legally authorized amendments thereto, in excess of the amounts appropriated in said ordinance or resolution for such officer, department, board, commission, other spending agency, or purpose for such fiscal year. Any contract, verbal or written, made in violation of this section shall be void as to the local government, and no moneys belonging thereto shall be paid thereon."

The trial court granted summary judgment for defendant concluding that defendant was not obligated to pay an amount in excess of the appropriation, and dismissed plaintiff's complaint. The court denied the motion insofar as it requested reimbursement for monies already paid in excess of the appropriation. The court also certified the partial granting of summary judgment as an appealable order pursuant to C.R.C.P. 54(b).

Plaintiff does not dispute that under a strict reading of 29–1–113, C.R.S. 1973 (1981 Cum.Supp.) the contract in excess of the appropriation was void. Rather, plaintiff argues that it should be allowed to recover under equitable principles pursuant to *Normandy Estates Metropolitan Recreation District v. Normandy Estates Ltd.*, 191 Colo. 292, 553 P.2d 386 (1976). We disagree.

In *Normandy Estates*, the court softened the harsh results of previous cases interpreting the rule codified in this statute. *See Englewood v. Ripple & Howe, Inc.*, 150 Colo. 434, 374 P.2d 360 (1962); *Smith Canal Co. v. Denver*, 20 Colo. 84, 36 P. 844 (1894). The court adopted the rule that:

"[W]here property is furnished to a municipal corporation under an unenforceable contract, and the municipality has not paid for the property, then the seller or person supplying the property may, upon equitable terms, recover it *in specie*." However, the court further said:

"We note, however, that the recovery authorized by this decision is a limited one.... We hold, further, that there can be no recovery where the property is no longer in existence or identifiable, ... or where it cannot be restored to the plaintiff without serious damage to other property of the municipality...."

This limitation on the rule which allows recovery on equitable principles is dispositive here. Plaintiff has admitted in its brief in opposition to defendant's motion for summary judgment that the property it rendered to the municipality cannot be restored to it without serious damage to the property of the municipality. Thus, plaintiff is not entitled to recovery under *Normandy Estates*, and the trial court properly entered partial summary judgment dismissing their complaint as a matter of law.

Judgment affirmed.

STERNBERG and KIRSHBAUM, JJ., concur.