MARTIN EXCAVATING, INC., a Colorado corporation, Plaintiff-Appellee,

v.

TYROLLEAN TERRACE WATER AND SANITATION DISTRICT, a Quasi-Municipal Corporation, John Doe 1 through 9, individually, being the members of the Board of Directors of the Tyrollean Terrace Water and Sanitation District, whose true names are unknown, and Gail Hammond, individually, Defendants-Appellants.

No. 81CA0249.

Colorado Court of Appeals, Div. II.

Aug. 18, 1983.

Rehearing Denied Sept. 15, 1983.

Leon R. Hetherington, Frisco, Relda Fleshman, Boulder, for plaintiff-appellee.

Law Office of Robert A. Findlay, Robert A. Findlay, Breckenridge, for defendants-appellants.

PIERCE, Judge.

Defendant, Tyrollean Terrace Water and Sanitation District (Tyrollean), appeals the judgment entered in favor of plaintiff, Martin Excavating Company, Inc. (Martin). We affirm.

This action arose out of Tyrollean's refusal to pay for service performed under a contract to excavate. It was undisputed during trial that Tyrollean had agreed to pay Martin a certain sum of money, less than $5,000, for excavating a malfunctioning sewer line. Martin's crew worked under the supervision of a Tyrollean board member in performing the excavation services. When excavation was completed, however, falling rock punctured a hole in the exposed line. In accord with another board member's instructions, Martin's crew worked to repair the line and alleviate the apparent blockage. This repair involved additional excavation of the sewer line which resulted in the exposure of a waterline located approximately four feet away from the sewer line. This waterline burst some time after the completion of this additional excavation, filling the excavated hole with water, and necessitating a shutoff of the community water supply.

Martin and his crew completed repair of the sewer and waterline under the supervision of the district plumber, retained by Tyrollean, and with the alleged knowledge and consent of the Tyrollean board of directors.

The total amount for excavation services exceeded $5,000, and Tyrollean refused to pay on grounds that Martin had exceeded the scope of the contract because there was no notice for bids given, and the board had not authorized the work, and also, that Martin had failed to perform services in a workmanlike manner. No issue was raised as to the budget appropriations involved or voter approval. *Cf. Normandy Estates Metropolitan Recreation District v. Normandy Estates, Ltd.,* 191 Colo. 292, 553 P.2d 386 (1976); *F.J. Kent Corporation v. Town of Dillon,* 648 P.2d 669 (Colo.App.1982).

■ The trial court found, on supporting evidence, that all of the work had been authorized and completed with full knowledge of the board, and that the work was done in a workmanlike manner. Hence, those findings are binding on appeal. *Page v. Clark,* 197 Colo. 306, 592 P.2d 792 (1979).

■ As a water and sanitation district, Tyrollean is a quasi-municipal corporation. *Brownbriar Enterprises, Inc. v. Denver,* 177 Colo. 198, 493 P.2d 352 (1972). It is empowered to enter into contracts and agreements affecting the affairs of the district and, without bids, it may enter into any construction contract for services or materials valued at less than $5,000. If a contract is for more than $5,000, notice for bids must be published prior to entering any such contract. Section 32–4–113(1)(d), C.R.S. 1973. The board of a quasi-municipal corporation, governed by statute, has the power to manage, control, and supervise all of the business and affairs of the district and the construction, installation, operation, and maintenance of district improvements therein. Section 32–4–113(1)(h), C.R.S.1973.

The principal issue presented for our review is whether the quasi-municipal corporation can be held liable for the additional services performed, where, as here, no competitive bids were obtained. We hold that it can.

■ We adopt the rule that when an emergency situation exists, generally referred to as that which demands immediate attention, and which threatens the public health and safety of a community, the normal and usual bidding procedures may be dispensed with by a contracting authority. *Merchants National Bank & Trust Co. v. City of Grand Forks,* 130 N.W.2d 212 (N.D. 1964); *Board of Education v. Hoek,* 38 N.J. 213, 183 A.2d 633 (1962); *General Building Contractors v. State,* 89 Misc.2d 279, 391 N.Y.S.2d 319 (1977); *Browning-Ferris, Inc. v. City of Leon Valley,* 590 S.W.2d 729 (Tex.Civ.App.1979); *cf. Tobin v. Town Council of Sundance,* 45 Wyo. 219, 17 P.2d 666 (1933).

Here, the trial court properly found that a situation demanding immediate attention to protect public health and safety had occurred when the waterline burst. *See General Building Contractors v. State, supra; Browning-Ferris v. Leon, supra.* Therefore, as to that emergency, Tyrollean was not powerless to contract for services valued at more than $5,000 without competitive bidding. Indeed, the repair procedures followed were entirely proper, and the quasi-municipal corporation must pay for those services rendered.

We have examined the other allegations of error and find them to be without merit.

The judgment is affirmed.

BERMAN and TURSI, JJ., concur.