**R.L. ATKINS, INC., a Colorado corporation, Plaintiff-Appellant,**

v.

**ARIX, a Colorado professional corporation, Defendant,**

and

**The City of Fruita, a Colorado municipal corporation, Defendant-Appellee.**

**No. 83CA0477.**

Colorado Court of Appeals, Div. I.

Dec. 15, 1983.

Dufford, Waldeck, Ruland, Wise & Milburn, Laird T. Milburn, Mark T. Pifher, Grand Junction, for plaintiff-appellant.

David McKinley, Fruita, for defendant-appellee.

PIERCE, Judge.

This appeal arose from the entry of a summary judgment in favor of the Town of Fruita. We reverse and remand.

The action in the trial court involved the performance of sewer construction work for the Town of Fruita, which has since become the City of Fruita. ARIX is an engineering firm which acted as architect for the town and prepared plans and specifications for improvements to be made on part of the town's underground sewer system. Before December 1980, the plans and specifications were submitted to bid and R.L. Atkins, Inc., (Atkins) submitted a bid in the amount of $400,000 which was accepted by the Town Board of Trustees. In December 1980, the Fruita Town Board of Trustees adopted Ordinance No. 451 which appropriated $865,599 to the Sewer Fund, but made no allocations of that money to any specific projects. Thereafter, a contract was executed by the town and Atkins for the construction work.

At some time not specified in the record, officers of the town, in the administration of its internal budget process, allocated $400,000 to this specific sewer project.

During the course of construction, Atkins received approval for change orders totalling $21,218.91, bringing the total project amount to $421,218.91. Approval was denied on various other change orders. Because of the application of contract provisions concerning timely performance and a deduction for materials not used, $23,603.57 was subtracted from the total project price, and Atkins was paid the balance. Atkins then sued ARIX and the

Town for additional sums it claimed were due for extra work done on the project.

Both ARIX and the town filed motions for summary judgment. The ARIX motion was denied, but the town's motion was granted, and, after a proper C.R.C.P. 54(b) order, this appeal was instigated.

The sole issue on appeal is whether the allocation of $400,000 by the city officials, apparently with board approval, or the amount stated in Ordinance No. 451, establishes a ceiling for payments due under the contract in question. We hold that the ordinance controls.

Both parties rely on § 29–1–113, C.R.S. 1973 (1982 Cum.Supp.), which provides in pertinent part as follows:

"During the fiscal year, no officer, department, board, commission, or other spending agency shall expend or contract to expend any money, or incur any liability, or enter into any contract which, by its terms, involves the expenditure of money for any of the purposes for which provision is made in the appropriation ordinance or resolution ... in excess of the amounts appropriated in said ordinance or resolution for such officer, department, board, commission, other spending agency, or purpose for such fiscal year. Any contract, verbal or written, made in violation of this section shall

be void as to the local government, and no moneys belonging thereto shall be paid thereon ...."

We rule that this statute requires a formal "appropriation ordinance or resolution" and that Ordinance No. 451 fulfills this requirement. The town board passed no other ordinance or resolution which would apply to this controversy. Once such an ordinance is enacted, it is a complete protection to the taxpaying public, and is formal record notice to all those contracting with a town or a city. *See City of Englewood v. Ripple & Howe, Inc.,* 150 Colo. 434, 374 P.2d 360 (1962); *F.J. Kent Corp. v. Dillon,* 648 P.2d 669 (Colo.App.1982). Therefore, $865,599, rather than $400,000, is the applicable ceiling.

The summary judgment is reversed, and the cause is remanded to the trial court for further proceedings consistent with this opinion.

BERMAN and METZGER, JJ., concur.